550 A.2d 844

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Thomas Sieg, Appellee.

Submitted on briefs September 20, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Francis A. Muracca,* for appellee.

OPINION BY JUDGE McGINLEY, November 22, 1988:
The Department of Transportation, Bureau of Driver Licensing (Department) appeals from a decision of the Court of Common Pleas of Allegheny County sus-

taining the statutory appeal of Thomas Raymond Sieg (Licensee) from the decision of the Department suspending Licensee's operating privilege. We reverse.

Licensee was accepted into the Accelerated Rehabilitative Disposition (ARD)[1] program on November 29, 1984, for a charge of Driving Under the Influence (DUI), section 3731 of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §3731, which arose from a September 17, 1984 offense in Allegheny County. As a result of Licensee's placement in the ARD program, his operating privilege was suspended for a period of thirty days pursuant to Section 3731(e)(6)(ii) of the Code, *as amended,* 75 Pa. C. S. §3731(e)(6)(ii).[2]

On September 4, 1986, Licensee was convicted in Lawrence County of a second offense[3] of DUI which offense occurred during his probationary period on March 5, 1986. As a result of the September 4, 1986 conviction, the ARD for the first offense was revoked

[1] *See* Pa. R. Crim. P. 175-185.

[2] Any person who accepts [ARD] of any charge brought under . . . section [3731] shall accept as conditions the imposition of and the judge shall impose in addition to any other conditions all of the following:

. . .

(ii)  A mandatory suspension of operating privilege for a period of not less than one month but not more than 12 months.

Section 3731(e)(2) of the Code, 75 Pa. C. S. §3731(e)(2).

[3] Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

Section 3731(e)(2) of the Code, *as amended,* 75 Pa. C. S. §3731(e)(2).

and the charges were reinstated.[4] Licensee proceeded to trial and was found "not guilty" of the first offense.[5]

Also as a result of the September 4, 1986 conviction, by notice dated May 28, 1987, the Department suspended Licensee's operating privilege for a period of one year pursuant to Section 1532(b)(3) of the Code, *as amended,* 75 Pa. C. S. §1532(b)(3).[6]

Licensee filed a statutory appeal from the suspension of his operating privilege, requesting a hearing before the trial court pursuant to Section 1550 of the Code, 75 Pa. C. S. §1550. The Department introduced evidence at the hearing of the September 4th conviction. Licensee argued that the September 4th offense should be considered a first offense for purposes of suspension of his operating privilege, because his earlier acceptance of ARD had been invalidated by the subsequent adjudication of "not guilty."[7] (The parties apparently mistakenly believed that the period of suspension for a first DUI offense is thirty days in duration.[8]) Li-

---

[4] "[ARD] . . . may be revoked and the court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in general rules if the defendant: (i) is charged with or commits any crime enumerated in . . . section 1542 within the probationary period . . ." Section 3731(e)(7) of the Code, *as amended,* 75 Pa. C. S. §3731(e)(7).

[5] Licensee submitted materials to this Court which purport to substantiate this verdict, but these materials are not of record, and we may not consider them. We base our statement of the facts on the trial court's finding that Licensee was adjudged "not guilty."

[6] "The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or an adjudication of delinquency based on section 3731."

[7] The record does not indicate the date on which Licensee was adjudicated "not guilty" of the first offense, but the adjudication obviously was handed down prior to the hearing.

[8] Notes of Testimony, October 6, 1987, (N.T.) at 7.

censee also argued that he deserved thirty (30) days' worth of credit toward the current suspension of his operating privilege because he had served a prior suspension of thirty (30) days for an offense of which he was subsequently found "not guilty." The trial court sustained the statutory appeal,[9] and from that Order the Department has filed this appeal.

The Department argues that the trial court abused its discretion and erred as a matter of law in two respects, in that: 1) the trial court erred by modifying a mandatory one year suspension, and 2) the trial court did not have authority to grant the Licensee credit for time served on a previous suspension.

Our scope of review is to determine whether the findings of the trial court were supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Kazil,* 97 Pa. Commonwealth Ct. 151, 510 A.2d 148 (1986).

The Department correctly asserts that the period of suspension of operating privilege due to a conviction for DUI is 12 months. The statute does not differentiate between first, second or subsequent offenses for purposes of the period of suspension.[10] Thus, it is irrelevant for purposes of this case whether or not Licensee's September 4th conviction constitutes a first or second

---

[9] The trial court's Order states only that the appeal was "sustained," and does not specify the relief to be granted. After reading the Order in conjunction with the Opinion, it appears to this Court that the Order was intended to limit the suspension to a period of thirty days, and to grant the Licensee thirty (30) days' credit toward that period of suspension.

[10] Section 1532(b)(3) of the Code, *supra,* at n.6. Contrast this provision with the criminal penalties found at section 3731(e)(1) of the Code, *as amended,* §3731(e)(1).

offense; the period of suspension would be twelve (12) months regardless.

We now address the issue of whether or not the trial court had authority to grant the Licensee credit for the period of suspension which he earlier served. This issue was decided recently in *Department of Transportation, Bureau of Driver Licensing v. Gretz,* 114 Pa. Commonwealth Ct. 287, 538 A.2d 976 (1988).[11] In *Gretz,* the licensee had been admitted into the ARD program due to a DUI conviction, and her operating privilege was suspended for six (6) months. Her participation in ARD was revoked due to a subsequent offense, and her conviction on the original offense was reinstated. The Department suspended her operating privilege for twelve (12) months. The trial court denied the licensee's statutory appeal from the suspension, but granted her six (6) months' credit for the period of suspension she served while in the ARD program. This Court held that the general rule of law adhered to in *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz,* 97 Pa. Commonwealth Ct. 169, 508 A.2d 641 (1986), applied to the facts in *Gretz, i.e.,* "once having found that DOT's reasons for suspending Appellee's driving privilege were valid, the trial court thereafter lacked the authority to give credit for time served and to reduce the period of the suspension." *Id.* at 291, 538 A.2d at 978.

We further noted in *Gretz* that the facts in that case would not provide a proper basis for granting credit, even if the trial court had authority to do so. We based this judgment on the principle behind the ARD program, namely, that "[o]nce a participant violates the program, however, that person returns to 'square one'

---

[11] We note that the trial court below did not have the benefit of *Gretz* when it ruled on the statutory appeal in this matter.

. . . and . . . is subject to the civil penalty DOT is required by law to impose." *Id.* at 292, 538 A.2d at 979.

The same principle operates here. At first glance the inequities may appear to be greater in this matter than in *Gretz* due to the fact that the Licensee in the matter before us has undergone a period of suspension for an offense of which he was subsequently found "not guilty." It is important to remember that he accepted the possibility of such an outcome when he voluntarily entered the ARD program instead of choosing to go to trial.

The Superior Court addressed similar concerns in *Commonwealth v. Becker,* 366 Pa. Superior Ct. 54, 530 A.2d 888 (1987). The Court was called upon to determine whether acceptance of ARD alone, without completion of the program, would expose a defendant to sentence as a second offender after a guilt determination on a second DUI charge. After determining that such a result was mandated by the statute, the Court dealt with the apparent harshness of this result.

> If ARD is revoked, he will stand trial on this charge, and he may well be found not guilty. Nevertheless, for purposes of §3731(e)(2), whether a defendant was guilty or innocent at the time he accepted ARD is irrelevant. All that matters is that he be duly convicted on a subsequent occasion.
>
> This may be a harsh result, but it is a result which is mandated by the language and policy of the Vehicle Code. The General Assembly demonstrated a special concern with the ARD program, and sought to ensure that both guilty and innocent participants in that program would have cause to reflect on the serious nature of the crime of drunk driving. 75 Pa. Cons. Stat. Ann.
> . . .
> . . . .

In reviewing the policy behind §3731(e)(2), it is also important to remember that a criminal suspect's election of ARD is a voluntary decision. . . .

When appellee entered ARD, he struck a deal with the state in order to avoid prosecution on the initial drunk driving charge. He stood ready to accept the benefits of participating in ARD. He then violated the terms of ARD. He now seeks to avoid the predictable consequences of his actions. Under these circumstances, it does not appear that counting ARD as a prior conviction will work a manifest injustice. . . .

*Id.* at 61, 63, 530 A.2d at 891-93.

Consequently, we believe that *Gretz* is controlling. The decision of the trial court is reversed.

### ORDER

AND NOW, this 22nd day of November, 1988, the Order of the Court of Common Pleas dated October 7, 1987, entered at No. S. A. 1189, 1987, is reversed.

Judge MACPHAIL did not participate in the decision in this case.