508 A.2d 641

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. William R. Yarbinitz, Jr., Appellee.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Richard T. Williams*, for appellee.

OPINION BY JUDGE PALLADINO, May 9, 1986:

The Court of Common Pleas of Somerset County (trial court) sustained the appeal of William Yarbinitz (Appellee) from the six-month suspension of his driver's license. The Department of Transportation (DOT) has appealed. We reverse.

Appellee received a notice of suspension from DOT, dated March 20, 1981, which stated that because of Appellee's conviction of November 4, 1980 under §3733 of the Vehicle Code[1] (Fleeing or Attempting to Elude Police Officer) his license would be suspended for six months, effective April 24, 1981. In his appeal to the trial court, Appellee asserted that he had surrendered his license to the District Justice before whom he entered his guilty plea, and so was entitled to credit against the suspension. The trial court found that: 1) Appellee's conviction occurred on September 27, 1980, not November 4, 1980 as the suspension notice indicated; 2) Appellee had surrendered his license to the District Magistrate on the date of his conviction; and 3) Appellee was entitled to credit from September 27, 1980 to May 9, 1981, the date DOT restored his operator's license pending the appeal.

Because the trial court determined that Appellee had already served the six-month suspension, it sustained Appellee's appeal. In this appeal from the trial court's decision, DOT asserts that: 1) the trial court had no authority to compute credit against the suspension;

---

[1] 75 Pa. C. S. §3733.

2) assuming credit was available against the suspension, this is not grounds for sustaining an appeal from a suspension; and 3) even if the trial court possessed the authority to calculate and grant credit, Appellee's testimony alone is insufficient to establish that the license was surrendered to the District Magistrate for purposes of the six-month suspension, or that the magistrate forwarded the license to DOT.

We agree with DOT's assertion that, for purposes of a license suspension appeal, a trial court lacks the authority to compute and give credit for any time that DOT may have been in possession of an operator's license. The function of the trial court in an appeal from a license suspension is to determine the validity of the suspension. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979). Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. Even assuming Appellee was entitled to credit, this is *not* a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed. The trial court can do no more. Therefore, a suspension cannot be invalidated if it was properly imposed, even if it has already been served.

Because the trial court improperly sustained Appellee's appeal, we reverse and reinstate the six-month suspension of Appellee's driver's license. If Appellee believes he is entitled to credit against the suspension for time DOT may have been in possession of his license, his recourse is to apply to DOT.[2]

---

[2] We are convinced of the wisdom of allowing DOT to handle applications for credit. The record presented to a trial court in a

172

## Order

And Now, May 9, 1986, the order of the Court of Common Pleas of Somerset County, at No. 185 Civil 1981 is reversed. The Department of Transportation's six-month suspension of the operator's license of Appellee William Yarbinitz is reinstated.

---

suspension appeal does not include *all* the documents in a driver's file. In this case, Appellee had, on November 8, 1980, applied for a replacement license, on the grounds that his license was mutilated. In the application Appellee stated he was not under suspension at that time. DOT issued a replacement license. This fact directly impacts on the amount of credit, if any, to which Appellee might be entitled. Because DOT is custodian of a driver's record, DOT is the proper entity to compute credit.