542 A.2d 634

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James Eugene Dwyer, Appellee.

Submitted on briefs December 17, 1987, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Henry G. Barr,* General Counsel, for appellant.

*Edward A. Savastio,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, June 8, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Delaware County Court of Common Pleas reinstating the operating privilege of James Eugene Dwyer.

Dwyer was arrested on May 7, 1982, for violating Section 3731(a)(1) of the Vehicle Code (Code),[1] (driving under the influence of alcohol), and refused to submit to a breath test. By way of official notice dated May 21, 1982, DOT informed Dwyer that it was suspending his operating privilege for six months pursuant to Section 1547(b) of the Code.[2] The effective date of the refusal

---

[1] 75 Pa. C. S. §3731(a)(1).

[2] 75 Pa. C. S. §1547(b). Section 1547(b) currently provides that DOT shall suspend a motorist's operating privilege for twelve months for refusing to submit to chemical testing.

suspension was to be June 25, 1982. Dwyer appealed the refusal suspension which entitled him to a supersedeas pursuant to Section 1550(b) of the Code.[3]

On September 9, 1982, Dwyer was admitted into Delaware County's Accelerated Rehabilitative Disposition (ARD) Program. Dwyer received a three month suspension of his operating privilege as a condition of his acceptance into the ARD Program. Dwyer turned in his driver's license to the probation personnel on September 9, 1982, and DOT suspended his license for three months.

On September 13, 1982, the trial court held a hearing on Dwyer's appeal of the six month refusal suspension. By order dated November 22, 1982, the trial court dismissed the appeal, affirming the refusal suspension. Since Dwyer did not appeal this order, it became final and the period of supersession ended.

DOT claims that upon the conclusion of the three month ARD suspension, it advised Dwyer that his license was reinstated and returned his driver's license by way of official notice dated December 10, 1982. Dwyer claims that he never received the reinstatement notice with his driver's license.

By way of official notice dated January 31, 1983, DOT advised Dwyer that the six month refusal suspension would commence March 7, 1983, and that he was to return his driver's license by that date. After receiving the January 31, 1983, notice, Dwyer and subsequently his attorney, contacted DOT by telephone stating that Dwyer's license had never been returned upon completion of the three month ARD suspension. Receiving no satisfactory response, Dwyer's attorney informed DOT in a letter dated March 11, 1983, that Dwyer had never received his license after surrender-

---

[3] 75 Pa. C. S. §1550(b).

ing it on September 9, 1982, and therefore could not return it by March 7, 1983. However, in May of 1983, Dwyer received a letter from the Pennsylvania State Police requesting that he surrender his driver's license which he did not have. Petitioner had not been driving during this period but was operating under the mistaken assumption that his license had not been returned because DOT had imposed the six month refusal suspension immediately following the three month ARD suspension. However, in light of the appeal and supersedeas, the six month suspension had not actually gone into effect.

On May 27, 1983, Dwyer filed a petition in the common pleas court appealing the reinstatement of the refusal suspension and/or petitioning for the reinstatement of his license. By order and decision dated June 25, 1985, the trial court restored Dwyer's operating privilege holding that DOT was only entitled to suspend Dwyer's license for nine months and that Dwyer had actually refrained from driving for more than nine months in light of the confusing nature of the situation.[4] The trial court also denied DOT's request to impose another six month suspension.

On appeal to this court, DOT contends that Dwyer had no right to appeal the reinstatement of the refusal suspension, the petition was untimely filed and the trial court was without authority to grant Dwyer a credit.

It is true that a motorist may not appeal from the reinstatement of a suspension after a supersedeas has been lifted. *Rinck v. Commonwealth of Pennsylvania,*

---

[4] Dwyer had been without a driver's license and therefore had not driven from September 9, 1982, through January 23, 1984, the date of the hearing on the reinstatement petition. At that time the parties agreed Dwyer was a licensed driver and that a supersedeas of the six month suspension would be in effect until the trial court decided whether or not to grant the petition.

59 Pa. Commonwealth Ct. 328, 429 A.2d 1255 (1981). However, this is not such an appeal. Dwyer's petition filed with the trial court does not contest the fact that his license should be suspended for six months as a result of his refusal to submit to chemical testing. Instead, Dwyer's petition asks the court to recognize that the suspension was already completed in light of the fact that he did not receive his driver's license back after completing the ARD suspension. Dwyer's petition was in the nature of an action in mandamus[5] and therefore it was not an untimely and improper appeal of the reinstatement of a license suspension as DOT maintains.

The trial court found as fact that Dwyer had refrained from driving for more than the required nine month period. The fact that he never received his driver's license after the ARD suspension ended in December of 1982, coupled with the fact that the trial court denied Dwyer's appeal of the six month refusal suspension on November 22, 1982, understandably led Dwyer to believe the six month suspension was in effect before it actually was.

DOT argues that it is the proper entity to compute matters of credit, citing *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 97 Pa. Commonwealth Ct. 169, 508 A.2d 641 (1986). In that case we held that on appeal from a license suspension, a trial court lacks authority to give credit for any time that DOT may have been in possession of an operator's license. As we have already stated, Dwyer did not appeal the refusal suspension which the trial court found he completed but petitioned the trial court for rein-

---

[5] We have noted that a licensee may bring an action in mandamus to compel DOT to remove a license suspension imposed without proper notice of point accumulation. *Department of Transportation, Bureau of Traffic Safety v. Padilla*, 92 Pa. Commonwealth Ct. 610, 615 n.6, 500 A.2d 503, 506 n.6 (1985).

statement of his license after several failed attempts to get DOT to do so.

In light of the foregoing, the order of the trial court reinstating Dwyer's driver's license and denying DOT's request for the return of that license is affirmed.

## ORDER

AND NOW, this 8th day of June, 1988, the order of the Delaware County Court of Common Pleas dated June 25, 1985, at No. 83-5846, is affirmed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I must respectfully dissent.

I believe the issue we are called upon to decide in this case is controlled by *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 97 Pa. Commonwealth Ct. 169, 508 A.2d 641 (1986), where we said:

> Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. Even assuming Appellee was entitled to credit, this is *not* a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed. The trial court can do no more. *Therefore, a suspension cannot be invalidated if it was properly imposed, even if it has already been served.*

97 Pa. Commonwealth Ct. at 171, 508 A.2d at 642 (emphasis added).