## PennDOT v. Houtz

*John V. Rovinsky,* for appellee.
*William G. Schwab,* for appellant.

LAVELLE, *P. J.,* December 9, 1988—This case comes before us as an apparent appeal from a license revocation. Actually, it is an appeal from the reinstatement of a license revocation.

Peter R. Houtz, appellant, was convicted of a violation of 75 Pa.C.S. §1543 in operating a motor vehicle while his license was under suspension. The Pennsylvania Department of Transportation sent Houtz official notice on April 8, 1986 of the revocation of his motor vehicle privileges for six months. Houtz appealed, and a hearing was scheduled, continued to November 14, 1986, and then again to December 2, 1986. Both continuances were requested by Houtz.

On December 2, 1986, Houtz withdrew the appeal. The prothonotary of Carbon County did not notify the Commonwealth of the withdrawal of the appeal. However, counsel for the appellant at that time claims that he sent notice of the withdrawal to PennDOT by regular mail.

On August 3, 1988, the Commonwealth wrote to this court asking for a status report on the case. In response the Carbon County prothonotary, on August 8, 1988, served on the Commonwealth a copy of the docket entries indicating the withdrawal of the

appeal on December 2, 1986. On August 27, 1988, PennDOT reinstated its previously ordered six-month revocation of operating privileges.

Houtz then filed the instant petition for appeal. Houtz argues that PennDOT waited too long to reinstate the revocation and that Houtz has relied on that delay to his detriment. He notes that he relocated his residence during the delay and would not have done so had he known that his license would be revoked. He also changed jobs and indicated that he will be unable to commute to work if the revocation stands.

PennDOT argues that (1) this court does not have jurisdiction to hear this appeal, and (2) if this court does have authority to hear this appeal, PennDOT should not be chargeable with the delay in this case.

We agree with PennDOT that we lack jurisdiction.

The case of *Commonwealth, Department of Transportation v. Yarbinitz,* 97 Pa. Commw. 169, 508 A.2d 641 (1986) delineates the parameters of a trial court's jurisdiction in license suspension appeals:

"The function of the trial court in an appeal from a license suspension is to determine the validity of the suspension. *Department of Transportation, Bureau of Traffic Safety v. Quinlan* (citation omitted). Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended." *Yarbinitz,* at 171, 508 A.2d at 642.

Here Houtz does not challenge the validity of his license revocation. Rather, he attacks PennDOT's authority to administratively *reinstate* a valid revocation on the basis that PennDOT allegedly delayed some 20 months. Neither Pennsylvania statutory law nor case law allows the common pleas court to be a forum for such a challenge.

We hold, therefore, that the common pleas court has no authority to review the reinstatement of the revocation or suspension of a motor vehicle operator's license.

Accordingly, we enter the following

### ORDER OF THE COURT

And now, December 9, 1988, the appeal of Peter R. Houtz from the revocation of his driving privileges for six months is quashed for lack of jurisdiction, and the six-month revocation of his motor vehicle privileges is hereby reinstated.