568 A.2d 999

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Raymond Howard CARDELL, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1989.

Decided Jan. 17, 1990.

Harold H. Cramer, Asst. Chief Counsel, with him, David R. White, Asst. Counsel, and John L. Heaton, Chief Counsel, for appellant.

No appearance for appellee.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

McGINLEY, Judge.

The Department of Transportation (DOT) has appealed from an order of the Philadelphia County Court of Common Pleas (common pleas court) reinstating the license suspension appeal of Raymond Howard Cardell (Appellee), nunc pro tunc, and restoring his operating privileges by allowing him credit toward a six month revocation for a period of time during which his license was in the possession of DOT. We reverse the common pleas court.

In July of 1986, DOT notified Appellee that his operating privileges were revoked as a result of his conviction under Section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543,[1] for

1. Section 1543 reads as follows:

   (a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

   (b) **Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

driving under suspension. Although Appellee never challenged the underlying conviction, he appealed the revocation to the common pleas court on November 21, 1986. He withdrew his appeal prior to hearing. At that time, Appellee sent his license to Harrisburg in order to begin serving his six month revocation.

Although Appellee's praecipe to withdraw the appeal was dated March 6, 1987, it was not filed with the common pleas court until August 29, 1988. When DOT received notice of the August 29, 1988 filing of the praecipe, DOT, by notice dated September 29, 1988, reinstated Appellee's six month revocation. Appellee then filed a petition to appeal the revocation nunc pro tunc. By an order dated January 17, 1989, the common pleas court granted Appellee leave to appeal nunc pro tunc, overruled DOT's order of September 29, 1988 and restored Appellee's license. It is from this order that DOT appeals.

■ DOT contends that the common pleas court lacked jurisdiction to compute and give credit for time served on a license suspension. In *Department of Transportation v. Yarbinitz*, 97 Pa.Commonwealth Ct. 169, 171, 508 A.2d 641, 642 (1986), this Court stated:

We agree with DOT's assertion that, for purposes of a license suspension appeal, a trial court lacks the authority

**(c) Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period.

**(d) Citation of appropriate subsection.**—Prior to filing a citation for a violation of this section with the issuing authority named in the citation, the police officer shall verify the basis for the suspension with the department. Upon receiving the verification, the officer shall cite the appropriate subsection of this section on the citation.

to compute and give credit for any time that DOT may have been in possession of an operator's license. The function of the trial court in an appeal from a license suspension is to determine the validity of the suspension. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa.Commonwealth Ct. 214, 408 A.2d 173 (1979). Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. Even assuming Appellee was entitled to credit, this is not a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed. The trial court can do no more. Therefore, a suspension cannot be invalidated if it was properly imposed, even if it has already been served.

We thus determined that the common pleas court lacks authority to compute and credit periods of suspension, *even if done accurately.*

Appellee contends that we should adhere to the reasoning of our decision in *Department of Transportation v. Dwyer,* 116 Pa.Commonwealth Ct. 644, 542 A.2d 634 (1988), where we affirmed the common pleas court's grant of the licensee's petition for reinstatement of his license and found that the licensee's petition constituted an action in mandamus. We distinguished *Yarbinitz* on the basis that *Yarbinitz* involved an appeal from a license suspension while *Dwyer* involved an appeal from a refusal to reinstate a previously suspended license. Because this is neither an action in mandamus nor an appeal from a refusal to reinstate a previously suspended license, *Dwyer* is not controlling.

Although the present case can be distinguished from *Dwyer* on a procedural basis, we note that the substantive issue is the same. Both cases concern the jurisdictional limitation of a common pleas court to credit a licensee for time that DOT may have been in possession of his opera-

tor's license.  To the extent that *Dwyer* recognizes a common pleas court's authority to compute and give credit for such time, *Dwyer* is not persuasive.  The dissent in *Dwyer*, which cites the above-quoted portion of *Yarbinitz*, properly delineates the trial court's authority and scope of inquiry.  As we noted in *Yarbinitz*, 97 Pa.Commonwealth Ct. at 171–72, n. 2, 508 A.2d at 642, n. 2, DOT is better able than the common pleas court to handle applications for credit since the record presented to the common pleas court does not include all of the documents in DOT's possession.

■ Having found that our ruling in *Yarbinitz* governs, we must reverse the common pleas court.  Appellee, however, is not without a remedy.  He can seek administrative relief by asking DOT for a formal computation of credit.  If Appellee is dissatisfied with this computation, he may file an appeal and present his case before a hearing examiner.  Appellee may then file exceptions to the hearing examiner's report and have these exceptions reviewed by the Secretary of Transportation.  Appellee may also appeal the Secretary's final adjudication to this Court.  The aforementioned procedures, set forth in 1 Pa.Code § 35, provide Appellee with various administrative remedies which he must exhaust before this Court can afford him any relief.

## ORDER

AND NOW, this 17th day of January, 1990, the order of the Court of Common Pleas of Philadelphia County dated March 17, 1989 is hereby reversed.  The license suspension of Raymond Howard Cardell previously imposed in the above-captioned case is reinstated effective thirty days from the date of this order.