578 A.2d 1005

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Vincent IACONO, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 1990.

Decided July 26, 1990.

David R. White, Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel-in-Charge, Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Charles G. Nistico, Jones, Guthrie, Strohm & Broadt, Media, for appellee.

Before PALLADINO and McGINLEY, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Delaware County (trial court) which sustained the appeal of Vincent Iacono (Licensee) from DOT's order sus-

pending Licensee's driving privileges pursuant to Section 3731(e)(6)(ii) of the Vehicle Code[1] (mandatory suspension for a licensee accepting Accelerated Rehabilitative Disposition (ARD) for a charge of driving under the influence of alcohol (DUI)). We reverse.

The facts of this case are not in dispute. Licensee, who is licensed to drive by the State of Delaware, was charged in Pennsylvania with DUI and accepted ARD. The trial judge imposed a three-month suspension of Licensee's driving privileges. A report signed by the trial judge on the date the order was issued stated that the suspension was effective April 11, 1989.

Licensee alleges that he did not drive after April 11, 1989. Thereafter, he received a notice from DOT dated May 19, 1989 which stated that his driving privileges were suspended for three months because of his acceptance of ARD and that the suspension would commence June 23, 1989. The notice stated that because Licensee was licensed to drive by another state, he was required to send DOT an affidavit acknowledging the suspension of his driving privileges.

Licensee appealed, alleging that his suspension commenced on April 11, 1989 and he was entitled to restoration of his driving privileges on July 11, 1989. Trial court sustained the appeal.

On appeal to this court,[2] DOT raises one issue: whether trial court improperly took jurisdiction to decide that the suspension commenced on April 11, 1989.

DOT argues that our recent decisions in *Department of Transportation, Bureau of Driver Licensing v. Yarbinitz*, 97 Pa.Commonwealth Ct. 169, 508 A.2d 641 (1986) and *Department of Transportation, Bureau of Driver Licens-*

1. 75 Pa.C.S. § 3731(e)(6)(ii).
2. Our scope of review in a license suspension case is limited to a determination of whether findings of fact are supported by competent evidence, errors of law have been committed or the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Loughin,* 118 Pa.Commonwealth Ct. 236, 549 A.2d 609 (1988).

*ing v. Cardell*, 130 Pa.Commonwealth Ct. 516, 568 A.2d 999 (1990), control the case at bar and require Licensee to seek administrative relief by asking DOT for a formal computation of credit, which can subsequently be appealed to this court. *See Cardell*, 130 Pa.Commonwealth Ct. at 519, 568 A.2d at 1001.

Licensee asserts that *Yarbinitz* and *Cardell* are not controlling because they involve suspensions imposed as a result of convictions, pursuant to § 1540(a) of the Vehicle Code, 75 Pa.C.S. § 1540. Licensee contends that acceptance of ARD does not constitute a conviction and therefore *Yarbinitz* and *Cardell* do not apply.[3]

The distinction, in the context of this case, between a conviction and acceptance of ARD, is insignificant. In both instances, a statute mandates a suspension of the licensee's driving privileges,[4] directs that a report of the disposition of charges be sent to DOT,[5] and prohibits a licensee from receiving credit toward the suspension until certain conditions are met. The conditions include that a license must be surrendered to the trial court, district attorney or DOT, or if there is no license which can be surrendered that the licensee submit an acknowledgment of suspension to DOT.[6] Because a suspension for acceptance of ARD is substantially similar to a suspension for a conviction, our holdings in *Yarbinitz* and *Cardell* are applicable.

 The function of the trial court in an appeal from a license suspension is to determine the validity of the suspension. *Yarbinitz*, 97 Pa. Commonwealth Ct. at 171, 508 A.2d

3. Licensee also asserts that *Yarbinitz* and *Cardell* are not controlling because the date when a suspension commences is not a credit question. Common sense dictates that the decision as to when a suspension commences is tied inextricably to the decision as to when a licensee may begin to receive credit toward a suspension. Clearly, the present appeal was taken to receive credit toward the suspension.

4. 75 Pa.C.S. §§ 1532(b)(3) and 3731(e)(6)(ii) (suspensions for conviction and acceptance of ARD on DUI charges respectively).

5. 75 Pa.C.S. § 1532(b)(3) states that DOT is to suspend driving privileges upon receipt of a certified record of a conviction. 75 Pa.C.S. § 1534 requires a trial court to notify DOT of the acceptance of ARD.

6. 75 Pa.C.S. § 1541(a).

at 642. Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. *Id.* A licensee seeking credit toward a period of suspension must request a formal computation of credit from DOT under 1 Pa.Code § 35. *Cardell,* 130 Pa.Commonwealth Ct. at 519, 568 A.2d at 1001.

██ Licensee argues that he cannot be faulted for failing to pursue the administrative review required in *Yarbinitz* and *Cardell,* because the notice DOT sent to Licensee directed him to appeal from the suspension to a common pleas court. Licensee's point is well taken. DOT's notice clearly instructed Licensee to appeal to a court which it now argues lacked jurisdiction to hear the appeal. We direct DOT to correct its notices to indicate that a licensee shall submit a petition for relief to DOT to resolve a dispute as to credit toward a suspension, including a dispute as to when a suspension commenced. However, DOT's incorrect instruction cannot alter the fact that trial court lacked jurisdiction to decide the present issue.[7]

Accordingly, we reverse.[8]

7. We cannot decide here whether Licensee is entitled to receive credit for the period between April 11, 1989 and June 23, 1989. Licensee shall be permitted to appeal to DOT for a formal recomputation within thirty days of the filing of this opinion.

8. Licensee also contends that our conclusion in *Cardell* that the procedures set out in 1 Pa.Code § 35 provide a procedure for administrative relief is incorrect because these provisions do not provide for a stay or supersedeas from the suspension pending a credit computation by DOT. Without a stay or supersedeas, Licensee contends that it is likely that before DOT is capable of making a formal computation of credit, the period of suspension imposed by DOT and disputed by a licensee will normally expire. Consequently, Licensee asserts that administrative review would provide no meaningful relief.

1 Pa.Code § 35.177 provides that, in a formal administrative proceeding, "a request may be made by motion for any procedural or interlocutory ruling or relief desired." 1 Pa.Code § 35.178 provides further that "[m]otions may be made in writing at any time and motions made during hearings may be stated orally upon the record." These sections permit a licensee to simultaneously request DOT to make a formal credit computation and submit a motion for a stay or supersedeas from a DOT order of suspension.

## ORDER

AND NOW, July 26, 1990, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is reversed. The suspension of the driving privileges of Vincent Iacono previously imposed in the above captioned case is reinstated effective thirty days from the date of this order, subject to any credit which reconsideration by the Department of Transportation may afford him.

McGINLEY, Judge, dissenting.

I respectfully dissent.

Pursuant to Pa.R.C.P. No. 182, a common pleas court judge in an ARD proceeding may impose conditions similar to those imposed with respect to probation after conviction of a crime. Section 3731(e)(6)(ii) of the Vehicle Code, 75 Pa.C.S. § 3731(e)(6)(ii), requires that the judge impose a mandatory suspension of Licensee's operating privilege for a period of not less than one month nor more than twelve months. As the majority notes in its opinion, the distinction between the acceptance of ARD and a conviction is insignificant. Section 1540(a) of the Vehicle Code, 75 Pa.C.S. § 1540(a), provides in pertinent part that upon conviction for an offense that requires a mandatory suspension, "the suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, whichever shall first occur." Under this provision, the common pleas court had the authority to suspend the Licensee and determine the suspension's effective date. It is clear, from our decision in *Department of Transportation, Bureau of Driver Licensing v. Dwyer*, 116 Pa.Commonwealth Ct. 644, 646, 542 A.2d 634, 635 (1988), that DOT is obviously aware that the Delaware County common pleas court, in ARD proceedings, imposes the mandatory suspension and requires submission of the driver's license to county probation personel. Also, although Section 1541 of the Vehicle Code, 75 Pa.C.S. § 1541 requires non-resident drivers such as Licensee to submit an acknowledgement of

his suspension to DOT, Licensee satisfied this requirement by agreeing to the suspension as a condition of his ARD. DOT received a certified copy of the terms of Licensee's ARD on May 4, 1989.

However, on May 19, 1989, DOT mailed Licensee notice that his license would be suspended for three months beginning June 23, 1989. Licensee appealed this suspension to the common pleas court which sustained the appeal on the basis that Licensee had complied with his ARD suspension and thus was not subject to further suspension. I would hold that the common pleas court did not attempt to compute credit for time served on Licensee's suspension, but in fact determined the validity of the subsequent suspension issued by DOT on May 19, 1989. As a result, our decisions in *Yarbinitz* and *Cardell* are not applicable. Furthermore, I would also note that by ignoring the ARD suspension imposed by the common pleas court judge, DOT created the confusion which resulted in this appeal. The institution of a subsequent collateral suspension is not the proper means of correcting any procedural errors by the common pleas court regarding Licensee's acknowledgement of his suspension.

Accordingly, I would affirm the common pleas court.