604 A.2d 1212

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**John L. CUNNINGHAM, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 1992.

Decided March 4, 1992.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

William J. Gallagher, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Chester County (trial court) which restored the driving privileges of John L. Cunningham (Appellee). We reverse.

Appellee was convicted under Section 3731(a)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 3731(a)(1) (driving under the influence), for which DOT suspended Appellee's license for one year, effective April 6, 1988, pursuant to Section 1532(b)(3) of the Code, 75 Pa.C.S. § 1532(b)(3). Appellee was directed to surrender his license to DOT, which he failed to do.

On October 31, 1989, Appellee, without making any prior application to DOT, filed a petition with the trial court seeking restoration of his license. Appellee alleged that he was eligible for restoration of his license even though he had not surrendered the license as directed. Appellee defended his failure to surrender his license by averring that it was physically impossible because the license had been destroyed in a fire.

Following a hearing before the trial court on December 28, 1989, the trial court continued the hearing and directed Appellee to utilize administrative remedies through DOT, and to reschedule the case for a hearing if necessary.

Another hearing was held before the trial court on March 29, 1990 at which Appellee testified that he was unable to turn in his license when directed by DOT to do so, because it was destroyed in a 1986 fire at his grandmother's residence. He admitted that he never notified DOT of this fact nor applied for a replacement. Appellee also testified that he had not driven following the notice of suspension.

Relying on *Department of Transportation, Bureau of Driver Licensing v. Dwyer*, 116 Pa.Commonwealth Ct. 644, 542 A.2d 634 (1988), the trial court gave credit to Appellee for the period during which Appellee testified he did not drive and directed DOT to restore Appellee's driving privileges. The trial court reasoned that Appellee was entitled to restoration because he had served his suspension by refraining from driving for a full year. This appeal by DOT followed.

DOT raises the following issues on appeal: 1) whether the trial court had the authority to restore Appellee's driving privileges by giving credit for the period during which Appellee testified he did not drive, and 2) whether a motorist's petition to a court of common pleas for credit against a DOT-ordered suspension constitutes bad faith conduct within the meaning of 42 Pa.C.S. § 2503(9). Our scope of review is limited to determining whether findings of fact are supported by competent evidence, whether an error of law has been committed, and whether the trial court's

decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Sullivan,* 140 Pa.Commonwealth Ct. 10, 594 A.2d 791 (1991).

## I. TRIAL COURT'S AUTHORITY

As to the first issue, DOT argues that although Appellee's appeal to the trial court was entitled "Petition to Reinstate Driver's License," the petition was actually a claim for credit against Appellee's one year suspension of his operating privilege; therefore, DOT contends that *Department of Transportation, Bureau of Driver Licensing v. Yarbinitz,* 97 Pa.Commonwealth Ct. 169, 508 A.2d 641 (1986) is controlling in this case. We agree.

*Yarbinitz* held that a common pleas court has no authority to compute and give credit against DOT ordered suspensions. As *Yarbinitz* explains:

> Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. Even assuming Appellee was entitled to credit, this is *not* a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed. The trial court can do no more. Therefore, a suspension cannot be invalidated if it was properly imposed, even if it has already been served.

*Id.,* 97 Pa.Commonwealth Ct. at 171, 508 A.2d at 642. (emphasis in original).

Appellee contends, however, that the present case is controlled by *Dwyer* where this court affirmed a common pleas court order granting a licensee's petition for reinstatement of his license.

This court in an *en banc* decision severely criticized *Dwyer* saying:

the substantive issue [in *Dwyer*] is.... the jurisdictional limitation of a common pleas court to credit a licensee.... To the extent that *Dwyer* recognizes a common pleas court's authority to compute and give credit for such time, *Dwyer* is not persuasive. The dissent in *Dwyer*, which cites the above-quoted portion of *Yarbinitz*, properly delineates the trial court's authority and scope of inquiry.

*Department of Transportation, Bureau of Driver Licensing v. Cardell*, 130 Pa.Commonwealth Ct. 516, 519–20, 568 A.2d 999, 1001 (1990).[1]

In affirming the trial court order in *Dwyer,* this court held that the licensee's petition to reinstate constituted an action in mandamus, and cited to dicta in *Department of Transportation, Bureau of Traffic Safety v. Padilla*, 92 Pa.Commonwealth Ct. 610, 500 A.2d 503 (1985) as authority. *Dwyer*'s reliance on *Padilla* was misplaced.

In *Padilla,* there existed a clear legal right to relief because the grounds for the suspension were found to be improper; the licensee was acquitted of the underlying conviction which prompted the suspension. Therefore, an action in mandamus could be brought to compel DOT to remove the suspension. However, in *Dwyer* the grounds for suspension (refusal to submit to a breath test) were found to be proper, and the identity of the party whose license was suspended was established; therefore, there was no clear legal right to relief, and the trial court's inquiry should have been at an end, even though the licensee claimed his suspension had already been served. *Yarbinitz.*

Although this court in *Dwyer* attempted to distinguish *Yarbinitz* on a procedural basis, that distinction was insignificant because the substantive issue in both cases was the same. *Cardell.*

1. The portion of *Yarbinitz* which *Cardell* cites is the same portion which is cited in this opinion.

■ It is well settled that the courts of common pleas have no power or authority to compute and give credit for a period of a properly imposed suspension. *Sullivan; Cardell; Cessna v. Department of Transportation, Bureau of Driver Licensing,* 130 Pa.Commonwealth Ct. 163, 567 A.2d 760 (1990); *Department of Transportation, Bureau of Driver Licensing v. Palmer,* 122 Pa.Commonwealth Ct. 379, 552 A.2d 321 (1988); *Yarbinitz.* This court's affirmance of the trial court order in *Dwyer* in effect acknowledged the authority of the trial court to credit a licensee against a properly imposed suspension. We, therefore, conclude that *Dwyer* was incorrectly decided and, consequently, overrule the decision.

■ Our disposition of the present case is thus governed by *Yarbinitz.* Applying the reasoning of *Yarbinitz* to the present case, we note that there was no dispute that Appellee was the party whose license was suspended, and that the grounds for his suspension were found to be proper; therefore, the trial court was without authority to restore Appellee's license, even if the suspension was already served. *Yarbinitz.*

■ Our holding does not in any way prejudice Appellee's right to apply to DOT for credit. If Appellee believes he is entitled to credit against the suspension, his recourse is to avail himself of the administrative procedures which DOT provides. *Cardell; Palmer; Yarbinitz.*

## II. BAD FAITH CONDUCT

■ As to the second issue, DOT contends that the lack of power and authority of a court of common pleas to compute and give credit against a department issued order suspending the motorist's operating privilege is so well settled that this court should prospectively rule that a claim by a motorist for credit against a DOT-issued suspension filed with a court of common pleas constitutes bad faith conduct within the meaning of 42 Pa.C.S. § 2503(9). Section 2503(9) states:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

. . . .

42 Pa.C.S. § 2503(9).

In support of its position, DOT cites *Cessna* and *In the Matter of Appeal of George,* 101 Pa.Commonwealth Ct. 241, 515 A.2d 1047 (1986), which involved the award of costs pursuant to Pa.R.A.P. 2744. Rule 2744 states:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.

Rule 2744 specifically authorizes an appellate court to impose sanctions; such is not the case under 42 Pa.C.S. § 2503. *Department of Transportation, Bureau of Driver Licensing v. Zurka,* 135 Pa.Commonwealth Ct. 238, 580 A.2d 466 (1990).

In *Zurka,* this court addressed the precise issue that DOT presents for our consideration here. We, therefore, adhere to our reasoning in *Zurka* in declining to prospectively rule on this issue. As *Zurka* states:

Our Supreme Court addressed the question of whether an appellate court can award counsel fees for proceedings

below in *Gossman v. Lower Chanceford Township Bd. of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983).... The Supreme Court held that this Court acted properly in denying the award of counsel fees and further costs, finding that an appellate court has no jurisdiction to award counsel fees generally, as its jurisdiction in such matters is carefully circumscribed by Pa.R.A.P. 2744. In addressing the appellant's claim that Commonwealth Court can award counsel fees under 42 Pa.C.S. § 2503(6), (7) or (9), the Supreme Court stated:

> [W]e note that Commonwealth Court, sitting as an appellate court, had no power under any statute or rule to award counsel fees for proceedings below. [footnote omitted]. With respect to counsel fees or "damages" an appellate court could properly award further costs only for vexatious or obdurate continuation of litigation through a frivolous appeal....

*Gossman,* 503 Pa. at 398, 469 A.2d at 999. We therefore decline to issue the warning DOT seeks, as we determine that this Court has no authority to forecast what a trial court should or should not do in the proceedings before it.

*Zurka,* 135 Pa.Commonwealth Ct. at 145, 146, 580 A.2d at 469, 470.

Accordingly, we vacate the order of the trial court and reinstate the suspension of Appellee's driving privileges.

## ORDER

AND NOW, March 4, 1992, the order of the Court of Common Pleas of Chester County in the above-captioned matter is vacated, and the suspension of John L. Cunningham's driving privileges is reinstated.