**Scott E. CONRAD**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 23, 2004.

Decided June 29, 2004.

Ordered Published Aug. 26, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Liberato P. Verderame, Levittown, for appellee.

BEFORE: PELLEGRINI, J., COHN, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

This case raises the question of whether Scott E. Conrad (Conrad) is required to comply with the requirements of the Pennsylvania Ignition Interlock Law (Law), 42 Pa.C.S. §§ 7001–7003, as a con-

dition to the restoration of his operating privilege following his service of a one-year suspension of his operating privilege that had been imposed by the Department of Transportation, Bureau of Driver Licensing (Department), in conformity with the requirements of 75 Pa.C.S. § 1532(b)(3), as a consequence of Conrad's conviction for violating 75 Pa.C.S. § 3731(a) (relating to driving under the influence of alcohol or controlled substance) (DUI). On December 5, 2003, this Court granted the Department's application for reconsideration to consider the applicability of the recent Supreme Court decision in *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003). The matter was submitted on briefs without oral argument. We affirm in part and reverse in part.

Originally, Conrad appealed from the order of the Court of Common Pleas of Bucks County (trial court) which denied in part and sustained in part the appeal of Conrad. The trial court denied Conrad's appeal regarding the one-year suspension of his license imposed under 75 Pa.C.S. 1532(b)(3) and sustained his appeal regarding the Law, relieving him of any obligation to comply with the Law.

On October 5, 1980, Conrad was arrested for DUI in violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731. Conrad accepted the accelerated rehabilitative disposition (ARD). There was no suspension of his operating privilege at that time.

On June 16, 2002, Conrad was arrested a second time for DUI in violation of Section 3731 of the Vehicle Code. On October 24, 2002, Conrad was convicted and given the mandatory one-year operating privilege suspension. The trial court did not order the installation of the ignition interlock system on his vehicles. On November 13, 2002, the Department notified Conrad of the one-year suspension and that he was required by law to have all vehicles owned by him to be equipped with an ignition interlock system in order for his operating privilege to be restored at the end of that period, and if he failed to comply with this requirement, his operating privilege would remain suspended for an additional year.

■ Conrad appealed challenging only the interlock requirement and not the suspension of his operating privilege. On February 14, 2003, the trial court held a *de novo* hearing at which the Department argued that they have an independent mandate to require that a repeat DUI offender comply with the ignition interlock law where a court fails or refuses to comply with the statutory mandate that it order the interlock installation. The trial court sustained Conrad's statutory appeal and relieved him of compliance with the Law as a condition precedent to the restoration of his operating privilege. The Department appealed to our Court.[1]

■ On appeal the Department contends that the trial court improperly assumed subject matter jurisdiction over the driver's ignition interlock challenge because installation of an ignition interlock system is a license restoration requirement and, therefore, is not subject to a statutory appeal in a court of common pleas under 75 Pa.C.S. § 1550(a).[2] The Department

---

1. Our review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court has committed an error of law or an abuse of discretion. *Schneider v. Department of Transportation, Bureau of Driver Licensing,* 790 A.2d 363 (Pa.Cmwlth.2002).

2. A notice of suspension containing an ignition interlock installation requirement as well as a suspension which is appealed to the trial court confers subject matter jurisdiction on the trial court. *Probst v. Department of Transportation, Bureau of Driver Licensing,* —— Pa.

also contends that an order of Court regarding the installation of an ignition interlock device is not required prior to the Department having the duty to require the installation of such devices upon the motor vehicle of repeat DUI offenders as a condition of restoration of the offender's operating privilege.[3]

On October 16, 2003, our Supreme Court issued its decision in *Mockaitis*. In *Mockaitis*, the Supreme Court struck as unconstitutional the following provisions of the Law, which all impermissibly place the burden of enforcement of the Law on the trial court: 42 Pa.C.S. § 7002(b) (requiring the trial court to order installation of the ignition interlock device); 42 Pa.C.S. § 7003(1) (requiring the trial court to certify that installation of the ignition interlock device has occurred); and 42 Pa.C.S. § 7003(5) (imposing a penalty for failing to comply with 42 Pa.C.S. § 7003(1)). Additionally, in footnote number three, the Supreme Court states that:

> *Turner [v. Commonwealth, Department of Transp.*, 805 A.2d 671 (Pa.Cmwlth. 2002)] is but one in a series of Commonwealth Court opinions rejecting the Department's argument that it has an independent mandate and authority to impose ignition interlock requirements in instances where the trial court failed to do so in its sentencing order. *See McGrory v. Commonwealth, Department of Transp.*, 828 A.2d 506, 508, 2003 WL 21658630, * 2–*3 (Pa.Cmwlth., July 16, 2003); *Sloan v. Commonwealth, Department of Transp.*, 822 A.2d 105, 110–11 (Pa.Cmwlth.2003) (en banc); *Watterson v. Commonwealth, Department of Transp.*, 816 A.2d 1225,

1227–28 (Pa.Cmwlth.2003); *Schneider v. Commonwealth, Department of Transp.*, 790 A.2d 363, 366–67 (Pa. Cmwlth.2002).

*Id.* at 18 n. 3, 834 A.2d 488.

Although the Supreme court did not expressly overrule *Watterson*, *Schneider* or any of the other cases it cited in footnote number three of *Mockaitis*, we believe that the Supreme Court has made it clear that whether repeat DUI offenders are entitled to the conditional restoration of their operating privileges is not a function of the trial court but rather the unique authority and responsibility of the Department.

■ However, our Supreme Court in *Mockaitis* also determined that the Department may not require that the ignition interlock system be installed in all of the offender's cars. The Department is authorized under the Law to issue an "ignition interlock restricted license" which allows an offender to operate a motor vehicle only if it is equipped with an approved ignition interlock system. *Mockaitis*. Therefore, in the present controversy, we must find against the Department in its quest to require the installation of the ignition interlock system in each of Conrad's vehicles.

Conrad contends that irrespective of the Department's authority, he had worked out a plea bargain with the District Attorney that allegedly included the fact that he would be treated as a first-time offender, receive a sentence to serve 48 hours in prison, serve a one year suspension of his driving privileges and that he would not be

---

——, 849 A.2d 1135 (No. 81 MAP 2001, filed May 26, 2004).

**3.** The Department further suggests that the newly enacted Section 3805(g) of the Vehicle Code, 75 Pa.C.S. § 3805(g), which became

effective February 1, 2004, should not be applied to this appeal as this appeal was pending prior to its enactment. We find it unnecessary to address this suggestion.

subject to the ignition interlock requirements.[4]

 In *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 97 Pa.Cmwlth. 169, 508 A.2d 641 (1986), our Court held that a court of common pleas has no power under 75 Pa.C.S. § 1550, or any other statute, to adjudicate drivers' claims for credit against operating privilege suspensions or revocations imposed by the Bureau. That such claims must be made to the Department through an administrative hearing process. The function of the court of common pleas in an operating privilege suspension statutory appeal is to determine the validity of the suspension and once the identity of the party whose license has been suspended has been established and the grounds for the suspension are found to be proper, the common pleas court's inquiry has ended. In *Yarbinitz* we stated in pertinent part as follows:

> If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed. The trial court can do no more.

Id., 508 A.2d at 642. In considering *Yarbinitz* in conjunction with our Supreme Court's determination in *Mockaitis* that found the ignition interlock requirement to be a "restoration requirement," we must find that the trial court and the district attorney lacked the authority to approve a plea bargain with such a provision. We note that neither the trial court nor the district attorney have the power to negotiate the applicability of the ignition interlock requirement with the offender.

 Next, in his brief to our Court, Conrad contends that the Department is prohibited from considering his acceptance of ARD as a conviction for the purposes of the Law. However, the trial court did not address whether the Department's imposition of the Law was impermissibly retroactive. Because Conrad did not raise retroactivity before the trial court, it is not at issue before this Court. *Goppelt v. City of Phila. Revenue Dep't,* 841 A.2d 599 (Pa. Cmwlth.2004); Pa. R.A.P. 302(a). Therefore, we decline to address *Alexander v. Department of Transportation, Bureau of Driver Licensing,* 822 A.2d 92 (Pa.Cmwlth. 2003).

Accordingly, the order of the trial court is affirmed in part and reversed in part and Conrad is restricted to an "ignition interlock restricted license" as a condition of the restoration of his operating privilege following his service of the one-year suspension imposed pursuant to 75 Pa.C.S. § 1532(b)(3).

### *ORDER*

AND NOW, this 29th day of June, 2004 the order of the Court of Common Pleas of Bucks County which denied in part and sustained in part the appeal of Scott E. Conrad relieving him of any obligation to comply with the Pennsylvania Ignition Interlock Law is affirmed in part and reversed in part. Conrad is restricted to an "ignition interlock restricted license" as a condition of the restoration of his operating privilege following his service of the one-year suspension imposed pursuant to 75 Pa.C.S. § 1532(b)(3).

---

4. Since Conrad prevailed in the trial court on the issue of the interlock requirement and is therefore not an aggrieved person, it is unnecessary for this issue to be addressed but we do so in the interest of judicial economy.