## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Foster                       :
                                   :
        v.                :    No. 2059 C.D. 2016
                                   :    Submitted: August 25, 2017

Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                                   :
        Appellant        :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED:  October 6, 2017**

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County (Trial Court) sustaining the appeal of Eric Foster (Licensee) from a suspension of his operating privilege imposed by the Department.  For the reasons set forth below, we reverse the order of the Trial Court.

On July 10, 2014, the Department mailed Licensee a notice stating that his license was being suspended for 18 months as authorized by Section 3804(e)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(ii), as a result of Licensee's June 19, 2014 conviction for violating Section 3802(a)(1) of the Vehicle Code, 75 Pa. C.S. § 3802(a)(1), relating to driving under the influence of alcohol or a controlled substance (DUI).  (Notice, Reproduced Record (R.R.) 4a-7a.)  The

notice stated that Licensee had the right to appeal the suspension to the Court of Common Pleas within 30 days of the mailing date of the notice. (*Id.*, R.R. 6a.)

On September 6, 2016, Licensee filed a petition to file appeal *nunc pro tunc* in the Trial Court. (Trial Court Docket, R.R. 1a; Petition, 3a-7a.) Licensee stated in the petition as the reason that his appeal was not filed in a timely manner that "I was dealing with a lot of personal problems at the time." (Petition, R.R. 3a.) On September 15, 2016, the Trial Court held a hearing on Licensee's petition. At the hearing, Licensee stated that he was "not arguing with the suspension" and instead that he had lost his driver's license which he was required to surrender for his suspension to begin and the Department did not accept a letter attesting to his loss of his license or acknowledge his first submission of a Department DL-16 form. (Sept. 15, 2016 Hearing Transcript (H.T.) at 3-4, R.R. 28a-29a.) At the conclusion of the hearing, the Trial Court entered an order permitting Licensee to appeal his suspension on a *nunc pro tunc* basis. (Order, R.R. 3a.)

A hearing on the merits of Licensee's appeal was held by the Trial Court on December 8, 2016. At the hearing, counsel for the Department submitted a packet of certified Department records to substantiate the license suspension. (Dec. 8, 2016 H.T. at 4, Department Ex. 1, R.R. 18a, 35a-53a.) Licensee did not contest the validity of his DUI conviction or his suspension but instead stated that "[t]he only argument I'm making is I served my suspension." (Dec. 8, 2016 H.T. at 5, 10, R.R. 19a, 24a.) Licensee testified that he was informed in writing that he could send a certified, notarized letter stating that he lost his license in order to begin his suspension period; however, when he sent the Department the letter in August or September 2014, he was instructed that a letter was not sufficient and instead he would be required to submit a DL-16 form. (*Id.* at 5-8, R.R. 19a-22a.) Licensee

2

stated that he submitted a DL-16 form, but the Department informed him that it never received the form and only after he mailed in a second DL-16 form did the Department start the clock on his suspension. (*Id*. at 5-6, R.R. 19a-20a.) The Trial Court accepted Licensee's testimony to be truthful and entered an order following the hearing sustaining Licensee's appeal of his suspension. (*Id*. at 8-10, R.R. 22a-24a; Dec. 8, 2016 Order, R.R. 54a.) The Department filed a timely appeal of this order.

The Department argues that the Trial Court improperly permitted Licensee to file a *nunc pro tunc* appeal.[1] A licensee who wishes to appeal from a suspension of operating privileges has 30 days from the mail date of the notice of suspension to file a notice of appeal in the court of common pleas. 42 Pa. C.S. § 933(a)(1)(ii); 42 Pa. C.S. § 5571(b); 42 Pa. C.S. § 5572; *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). Appeals filed beyond the 30-day appeal period are untimely and deprive the court of common pleas of subject matter jurisdiction over the appeal. *Williamson*, 129 A.3d at 599, 601; *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Where the legislature establishes a time period in which an appeal must be filed, such as here, that period is mandatory, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Williamson*, 129 A.3d at 599, 601; *Hudson*, 830 A.2d at 598.

---

[1] This Court's scope of review of a trial court's decision whether to allow an appeal *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 599 (Pa. Cmwlth. 2015); *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 347 n.5 (Pa. Cmwlth. 2008).

An appeal may be permitted *nunc pro tunc* only where delay in the filing of the appeal was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process or non-negligent circumstances related to the appellant, her counsel or a third party. *Bureau Veritas North America, Inc. v. Department of Transportation*, 127 A.3d 871, 879 (Pa. Cmwlth. 2015); *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008). The appellant bears the burden of demonstrating that such circumstances exist. *Williamson*, 129 A.3d at 600; *Kulick v. Department of Transportation, Bureau of Driver Licensing*, 666 A.2d 1148, 1150 (Pa. Cmwlth. 1995).

The basis Licensee submitted for his *nunc pro tunc* appeal is clearly insufficient. In his petition seeking leave to file a *nunc pro tunc* appeal, which was filed on September 6, 2016, more than two years after the appeal deadline for the July 10, 2014 notice of suspension, Licensee offered as a ground for his request only that he was "dealing with a lot of personal problems at the time." (Petition, R.R. 3a.) Licensee did not elaborate at the *nunc pro tunc* hearing on what specific personal problems he was experiencing. Non-negligent circumstances related to the appellant may serve as the basis for a *nunc pro tunc* appeal, but this exception to the jurisdictional bar of a late appeal "is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001); *see also Baum*, 949 A.2d at 348. Licensee's vague allusion to personal problems with no indication of what types of problems those were do not rise to the level of "unforeseeable and unavoidable events" that would create a "unique and compelling case[]" justifying

4

a late appeal. Furthermore, a *nunc pro tunc* appeal based on non-negligent circumstances affecting the appellant may only be permitted where the appellant filed the notice of appeal shortly after the appeal period expires and the appellee was not prejudiced by the delay. *Criss*, 781 A.2d at 1159; *Baum*, 949 A.2d at 348. Licensee's appeal of the notice of suspension was not filed until more than two years after the appeal period lapsed with no explanation for the lengthy delay. In fact, in response to a question from the Trial Court, Licensee denied that his personal problems continued to the date of the Trial Court's hearing on his petition for a *nunc pro tunc* appeal. (Sept. 15, 2016 H.T. at 3, R.R. 28a.) Accordingly, the Trial Court order granting Licensee's petition for a *nunc pro tunc* appeal must be reversed.

Even if we were to reach the merits of the appeal, we would be required to reverse the order of the Trial Court for lack of subject matter jurisdiction. As Licensee unambiguously explained to the Trial Court, he was not challenging the fact that his license was suspended in his appeal, but instead was arguing that the Department refused to accept a notarized letter he submitted attesting to the fact that he lost his license and he had therefore already completed his 18-month suspension. Questions of credit – rather than a challenge to the validity of a license suspension or revocation – must be addressed to the Department directly through a request for an administrative hearing instead of as an appeal of a Department notice to the court of common pleas. 75 Pa. C.S. § 1541(a), (e);[2] *Ladd v. Department of Transportation,*

---

[2] Section 1541(a) of the Vehicle Code sets forth when credit may be given toward a suspension or revocation of operating privileges, providing in relevant part:

(a) Commencement of period.--The period of disqualification, revocation or suspension of the operating privilege or the disqualification of the commercial operating privilege shall commence as provided for in section 1540 (relating to surrender of license) [75 Pa. C.S. § 1540]. No credit toward the revocation, suspension or disqualification shall be earned until the driver's license is surrendered to the department, a court or a district attorney, as the

*Bureau of Driver Licensing*, 753 A.2d 318, 321 n.6 (Pa. Cmwlth. 2000); *Xenakis v. Department of Transportation, Bureau of Driver Licensing,* 702 A.2d 572, 575 (Pa. Cmwlth. 1997); *Department of Transportation, Bureau of Driver Licensing v. Cardell,* 568 A.2d 999, 1000-01 (Pa. Cmwlth. 1990) (*en banc*); *Department of Transportation, Bureau of Driver Licensing v. Lapinsky*, 548 A.2d 382, 383 (Pa. Cmwlth. 1988); *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 508 A.2d 641, 642 (Pa. Cmwlth. 1986).  As this Court explained in *Yarbinitz*:

> [F]or purposes of a license suspension appeal, a trial court lacks the authority to compute and give credit for any time that [the Department] may have been in possession of an operator's license.  The function of the trial court in an appeal from a license suspension is to determine the validity of the suspension.  Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended.  Even assuming Appellee was entitled to credit, this is *not* a basis for sustaining the appeal.  If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed.  The trial court can do no more.  Therefore, a suspension cannot be invalidated if it was properly imposed, even if it has already been served.

508 A.2d at 642 (citation omitted; emphasis in original).

---

case may be. ... If a licensed driver is not in possession of his driver's license, no credit toward the disqualification, revocation or suspension shall be earned until a sworn affidavit or a form prescribed by the department is surrendered to the department swearing that the driver is not in possession of his driver's license. ...

75 Pa. C.S. § 1541(a).  Subsection (e) of this provision provides that a person who believes that credit towards his suspension or revocation has not appropriately been given by the Department may request an administrative hearing.  75 Pa. C.S. § 1541(e).

Despite the fact that Licensee's appeal of his notice of suspension was untimely, a challenge to the Department's credit determination would not be likewise time barred. A request for an administrative hearing to challenge a computation of credit for a suspension or revocation may be made by a licensee "*at any time* during the suspension or revocation." 75 Pa. C.S. § 1541(e) (emphasis added); *see also* 67 Pa. Code § 491.4(d)(1)(iv); *Cardell,* 568 A.2d at 1001. If Licensee is dissatisfied with the Department hearing examiner's computation of credit of his license suspension, he would then have the opportunity to file exceptions with the Secretary of Transportation to the examiner's proposed report, and he ultimately could petition this Court for review of the Secretary's determination. 42 Pa. C.S. § 763(a)(1); 67 Pa. Code § 491.12; *Cardell,* 568 A.2d at 1001.

For the foregoing reasons, we reverse the Trial Court, and direct the Department to reinstate the suspension of Licensee's operating privileges.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Foster                             :
                                        :
           v.                    :   No. 2059 C.D. 2016
                                          :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,        :
                                          :
                 Appellant      :

# **O R D E R**

AND NOW, this 6th day of October, 2017, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is REVERSED.

_____
JAMES GARDNER COLINS, Senior Judge