508 A.2d 643

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Gabriel S. Grasso, Appellee.

Submitted on briefs March 13, 1986, to Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

 

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Timothy E. Finnerty*, for appellee.

OPINION BY JUDGE MACPHAIL, May 15, 1986:

The Department of Transportation, Bureau of Traffic Safety (DOT), appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Gabriel S. Grasso (Appellee) to the suspension of Appellee's motor vehicle operator's license. We vacate and remand.

DOT suspended Appellee's driver's license pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b), for his refusal to submit to a breathalyzer test following his arrest for driving while under the influence of alcohol.

The only issue presented to the trial court was whether Appellee voluntarily refused to take a breathalyzer test. DOT's only witness at the hearing of March 11, 1981 was the arresting officer, Officer Katherine R. Varlene of the Pittsburgh Police Department. While she testified that Appellee refused to take the test, she also testified that she did not personally ask Appellee to take the test nor did she personally warn Appellee that if he refused the breathalyzer he would lose his license for six months. The officer who did administer the test was not at the hearing. Appellee's counsel objected to any testimony from Officer Varlene concerning what the breathalyzer operator said. The trial court sustained the hearsay objection.

Our scope of review of a Common Pleas decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the Common Pleas Court decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Andreoli,* 96 Pa. Commonwealth Ct. 345, 507 A.2d 919 (1986).

To sustain a license suspension under Section 1547(b) of the Code, the Commonwealth bears the burden of proving that the driver (1) was placed under arrest for driving while under the influence of alcohol, and that the arresting officer had reasonable grounds to believe that the operator was driving while under the influence of alcohol; (2) was requested by the officer to submit to a breathalyzer test; (3) refused to do so, and (4) was warned by the officer that the department would suspend his driving privileges if he refused to take the test. *Neitz v. Department of Transportation, Bureau of Traffic Safety,* 96 Pa. Commonwealth Ct. 1, 506 A.2d 961 (1986).

The trial court was correct in concluding that DOT was required to present evidence that Appellee was requested to submit to a breathalyzer test and that he was informed of the consequences of refusing. The trial court erred, however, in not allowing Officer Varlene to testify as to whether the administering officer made the request and gave the requisite warning.

Any testimony given by Officer Varlene concerning what the administering officer said to Appellant would not be offered to prove the truth of what the administering officer said. Such testimony would be offered merely to show that the administering officer made such a statement. Our Supreme Court has said

that "[t]he hearsay rule has no application where the question is whether certain things were said or written by a third person and not whether they are true." *Commonwealth v. Jacobs*, 445 Pa. 364, 367, 284 A.2d 717, 719 (1971), *cert. denied*, 409 U.S. 856 (1972). *See also Department of Transportation, Bureau of Traffic Safety v. Goldman*, 86 Pa. Commonwealth Ct. 14, 482 A.2d 1383 (1984); *Haklits v. Commonwealth*, 44 Pa. Commonwealth Ct. 198, 418 A.2d 772 (1979).

It is clear that the trial court committed an error of law in excluding as hearsay Officer Varlene's testimony concerning what the administering officer said to Appellee. We will remand this case for a rehearing.

### ORDER

The order of the Court of Common Pleas of Allegheny County, dated March 11, 1981 at No. SA-104 of 1981, is vacated, and the case is remanded to the court for a hearing consistent with this opinion.

Jurisdiction is relinquished.