548 A.2d 382

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Donald R. Lapinsky, Appellee.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellant.

*Donald E. Williams,* for appellee.

OPINION BY JUDGE DOYLE, October 3, 1988:

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Lawrence County which sustained the appeal of Donald R. Lapinsky (Licensee) from the action of the Department in suspending Licensee's operating privileges for a period of six months.

The trial court found that Licensee was suspended for a period of six months for driving while already under suspension. He was notified of his suspension and that its effective date was September 27, 1984. Licensee did not submit his license to the Department as he was required to do and this necessitated the Pennsylvania State Police visiting Licensee and removing it from him in November of 1984. On March 27, 1985 Licensee's counsel wrote to the Department stating that it was his belief that Licensee had complied with all requirements and should have his license reinstated. The Department did not answer this letter. Licensee's license was not in fact restored until November 1985. Therefore, in effect, he was under suspension for a period of one year. Licensee was again convicted of driving under suspension in January 1985 (the Department asserts it was in July 1986) and was suspended for an additional period of six months. The trial court reasoned that because Licensee's first suspension had, in fact, been for a period of more than a year he was entitled to a set off or credit against the second suspension. Accordingly, it sustained Licensee's appeal. This appeal followed. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence and whether it committed an error of law or manifestly abused its discretion. *Department of*

*Transportation, Bureau of Traffic Safety v. Grasso,* 97 Pa. Commonwealth Ct. 262, 508 A.2d 643 (1986).

The Department argues in its brief that the trial court based one of its findings upon a date which the Department maintains is not supported by the record. We disagree with the Department, but even if the finding were unsupported, it is of no moment in this· instance because the parties do not dispute that Licensee did serve at least a one-year suspension rather than one for six months. The parties also do not dispute that the trial court attempted to permit the additional period which Licensee served to count against the second suspension action. Because those facts are undisputed, the actual date of the second conviction becomes unimportant. ·

We find this case to be controlled by *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz,* 97 Pa. Commonwealth Ct. 169, 508 A.2d· 641 (1986). There, as here, the trial court attempted to grant a licensee credit for additional time he had served under a prior suspension. We indicated there that a trial court lacks the authority to compute and give credit for any time that the Department has been in possession of a motorist's license. We stated that the trial court's only function is to determine the validity of the suspension, and that once the identity of the party whose license is suspended is established and the grounds for suspension are found to be proper, the trial court's inquiry must end. Here there is no dispute that Licensee is the individual whose license was revoked and that he did in fact commit the offense which subjected him to the second suspension. This does not mean that Licensee may not in fact be entitled to some sort of credit. But, as we said in *Yarbinitz* if a licensee believes he is entitled to such credit his recourse is to apply to the Department.

Reversed.

ORDER

Now, October 3, 1988, the order of the Court of Common Pleas of Lawrence County in the above-captioned matter is hereby reversed and the Department's suspension is hereby reinstated.

This decision was reached prior to the resignation of Judge MACPHAIL.