552 A.2d 321

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Charles E. Palmer, Appellee.

Submitted on briefs October 11, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for the appellee.

OPINION BY JUDGE McGINLEY, December 28, 1988:

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Philadelphia County (trial court) which sustained the appeal of Charles E. Palmer (Appellee) from the Department's suspension of Appellee's operating privileges for a period of one year. We reverse.

Appellee received a notice of suspension from the Department, dated January 24, 1985, which stated that because of Appellee's conviction of August 1, 1984, under Section 3731 of the Vehicle Code (Code)[1] (Driving Under Influence of Alcohol or Controlled Substance) his license would be suspended for one year effective February 28, 1985.[2] In his appeal to the trial court, Appellee argued that he was entitled to credit for time served toward the suspension for the time period during which the Borough of Aldan Police Department confiscated his driver's license; more precisely, from May 14, 1984, the date of his arrest on unrelated charges[3] until the license was forwarded to the Department. The trial court withheld disposition of the case until the Appellee could ascertain when the Aldan Police Department forwarded the license. When informed that the Aldan Police Department had failed to forward

---

[1] 75 Pa. C. S. §3731.

[2] Section 1532(b)(3) of the Code, 75 Pa. C. S. §1532(b)(3) provides:

> The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or an adjudication of delinquency based on section 3732.

[3] Appellee's arrest date for violation of Section 3731 of the Code was January 31, 1984 (Official Record (O.R.) at 15a).

Appellee's driver's license to the Department,[4] the trial court determined that the Appellee had already served the one year suspension and sustained Appellee's appeal. This appeal followed. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence and whether it committed an error of law or manifestly abused its discretion. *Department of Transportation, Bureau of Traffic Safety v. Grasso,* 97 Pa. Commonwealth Ct. 262, 508 A.2d 643 (1986).

The Department argues that the trial court abused its discretion by granting Appellee credit against the suspension period. Specifically, the Department argues that the sole issue before the trial court was the determination of the validity of the suspension, and that at hearing the Department was not prepared or required to address a request for a credit against the period of suspension. We agree.

Section 1540(b) of the Code[5] provides that a suspension shall be effective from the date of surrender of the license to the Department if it is surrendered pursuant

---

[4] Appellee's driver's license was sent to the Department by the Aldan Police Department on June 25, 1986 (O.R. at 17a).

[5] 75 Pa. C. S. §1540(b). This section provides:

(b) **Suspension or revocation of operating privilege.**—Upon the suspension or revocation of the operating privilege of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of suspension or revocation. *The suspension or revocation shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first.* Upon surrender of the license, the department shall issue a receipt showing the date that it received the license. (Emphasis added.)

to the Department's notice to surrender the license. In *Department of Transportation v. Stiver,* 100 Pa. Commonwealth Ct. 573, 515 A.2d 99 (1986) we interpreted Section 1541 of the Code[6] to mean that a suspension begins to run from the date of surrender if submitted earlier than the effective date given in the notice. *Stiver,* at 575-576, 515 A.2d at 99. In *Stiver,* we also noted that once the suspension has been served the Department is required to restore the driver's license.

The Department argues that in *Department of Transportation v. Yarbinitz,* 97 Pa. Commonwealth Ct. 169, 508 A.2d 641 (1986) our Court held that a trial court lacks the authority to compute and give credit for any time that the Department may have been in possession of a driver's license. *Yarbinitz* involved a situation wherein a motorist surrendered his driver's license at the same time he pleaded guilty to a traffic violation. This was prior to receiving a notice of suspension from the Department. Section 1540(a) of the Code provides that a suspension will be effective from the date of surrender only if that date is subsequent to the Department's notice to surrender the license.

In the present case, the Appellee did not surrender his license to the Department prior to the January 24, 1985 notice. His license was confiscated by the Aldan Police Department on May 14, 1984, pursuant to his arrest on unrelated charges and not for violation of Section 3731 of the Code. It was error for the trial court to

---

[6] 75 Pa. C. S. §1541. Section 1541(a) provides in part:

(a) **Commencement of period.**—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to surrender of license). No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney as the case may be.

determine that Appellee's suspension began to run from the date the license was confiscated.

In *Yarbinitz*, we held that:

> Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. Even assuming appellee was entitled to credit, this is *not* a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension . . . the suspension must be upheld and the operator's appeal dismissed.

*Yarbinitz*, at 171, 508 A.2d at 642. (Emphasis in original.)

There is no dispute that Appellee was the individual whose license was revoked and who committed the offense which resulted in the license suspension.[7] If the Appellee believes he is entitled to credit, his recourse is to apply to the Department. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Lapinsky*, 120 Pa. Commonwealth Ct. 196, 548 A.2d 382 (1988).

Accordingly, we reverse the decision of the trial court.

## ORDER

Now, December 28, 1988, the order of the Court of Common Pleas of Philadelphia County, at No. 5023 January Term 1985, dated July 1, 1986 is hereby reversed.

---

[7] At the hearing *de novo*, Appellee did not appear and neither party presented testimony. Hearing Transcript, May 22, 1986, (H.T.) at 3-4.