567 A.2d 760

**Charles E. CESSNA, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 1989.

Decided Dec. 14, 1989.

Order Clarified March 15, 1990.

Sally J. Winder, Shippensburg, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Charles E. Cessna (Cessna) is appealing an order from the Cumberland County Court of Common Pleas, which dismissed his petition for appeal from the action of the Secre-

tary of Transportation suspending his operator's license. We affirm.

On March 17, 1989, the trial court held a *de novo* hearing in order to determine whether Cessna was subject to suspension of his operator's license. Even though the parties presented no evidence, there was oral argument and a partial stipulation of facts.

The facts stipulated to by the parties are as follows. Prior to his January 5, 1988 sentencing for driving under the influence, Cessna received an application for renewal of his driver's license, completed the application, paid his renewal fee and sent it to the Department. As per its records, the Department mailed a camera card dated January 1, 1988 and with an expiration date of sixty days to Cessna's residence.

After his sentencing, Cessna surrendered the license then in his possession to the trial court. He later surrendered the camera card, once he was released from prison.

At that March 17, 1989 hearing, the Department argued that the trial court was without jurisdiction because this was a case involving credit for time served toward a suspension and as such, Cessna's recourse was an administrative remedy through the Department. On that basis, the trial court dismissed Cessna's appeal and he appealed to this Court.

The issue in this case is whether the trial court erred in deciding that the Department's failure to return the license which Cessna surrendered on January 5, 1988 was a credit issue which the trial court lacked authority to compute. We note that our scope of review in this matter is limited to determining whether the trial court's findings are supported by competent evidence, whether it committed an error of law or manifestly abused its discretion. *Department of Transportation, Bureau of Traffic Safety v. Grasso*, 97 Pa. Commonwealth Ct. 262, 508 A.2d 643 (1986).

We look to previous caselaw in order to determine whether this matter is properly characterized as a credit case. In

another one-year license suspension case, the driver argued on appeal that he was entitled to credit for time served toward the suspension for the time period during which the Borough of Aldan Police Department confiscated his driver's license until the license was forwarded to the Department. *Department of Transportation, Bureau of Driver Licensing v. Palmer,* 122 Pa. Commonwealth Ct. 379, 552 A.2d 321 (1988). We determined that the sole issue before the trial court was the determination of the validity of the suspension, and that the Department was not required to address a request for credit against the period of suspension. Quoting the holding in *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz,* 97 Pa. Commonwealth Ct. 169, 171, 508 A.2d 641, 642 (1986), we held that:

> 'Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended. Even assuming Appellee was entitled to credit, this is *not* a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension ... the suspension must be upheld and the operator's appeal dismissed.'

*Palmer,* 122 Pa.Commonwealth Ct. at 383, 552 A.2d at 323 (emphasis in original). Additionally, we stated that if the driver believes that he is entitled to credit, his recourse is to apply to the Department. *Palmer.*

Even though we may support the trial court's observation that Cessna got caught in a "bureaucratic jumble," the issue of whether trial courts have the authority to compute and give credit toward serving a suspension has been extensively litigated before this Court,[1] and we have made it very clear that credit is exclusively within the purview of the Department. Cessna claims that this has been mischaracterized as a credit case and instead involves the Depart-

**1.** *See Palmer; Department of Transportation, Bureau of Driver Licensing v. Lapinsky,* 120 Pa.Commonwealth Ct. 196, 548 A.2d 382 (1988); *Department of Transportation v. Monaghan,* 115 Pa.Commonwealth Ct. 248, 539 A.2d 940 (1988); *Yarbinitz.*

ment's refusal to restore Cessna's driver's license after he had completed his one-year suspension. However, as the Department stated in its brief, it has never had the opportunity to either grant or deny restoration of Cessna's license, because he never pursued his administrative remedy of a hearing before the Department. Therefore, we find that this case is indeed one involving credit, and therefore that the trial court properly held that it did not have authority to give credit or to order restoration of Cessna's license.

The Department wishes us to consider additionally whether it is entitled to an award of counsel fees and costs for the continuation of this matter on appeal pursuant to Pa.R.A.P. 2744(2). The Department argues that Cessna's appeal is frivolous because it raised an issue that was well settled.

Pa.R.A.P. 2744(2) allows an appellate court at its discretion to award damages and reasonable counsel fees "if it determines than an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate, or vexatious." *Id.*

In a 1988 case, this Court found the appeal from the revocation of driver's operating privilege to be frivolous. *Hewitt v. Commonwealth*, 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988) *petition for allowance of appeal denied*, 520 Pa. 620, 554 A.2d 511 (1989). Our rationale was that the issue which driver raised on appeal was well settled by another decision and he presented no legal support for his argument that the decisive case did not control. *Id.*

Similarly, the Department contends that this case is controlled by *Yarbinitz* and its progeny. We agree. Therefore, we find that the Department is entitled to an award of reasonable counsel fees.

For these reasons, we affirm the trial court's order and remand to it for a calculation of counsel fees pursuant to Pa.R.A.P. 2744(2).

## ORDER

AND NOW, this 14th day of December, 1989, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed and the matter is remanded to that Court for calculation of counsel fees against Appellant's Counsel only under Pa.R.A.P. 2744.

Jurisdiction relinquished.