## PennDOT v. Sullivan

*Charles McCardell, deputy attorney general,* for PennDOT.
*William J. Scott Jr.,* for defendant.

SUGERMAN, *P.J.,* October 2, 1990 — The Commonwealth of Pennsylvania, Department of Transportation, has appealed to the Commonwealth Court from our order dated March 22, 1990, in which we reversed the order of the Secretary of Transportation which suspended the operating privilege of

Mark E. Sullivan, and we vacated the suspension.*

From the record we observe that on January 9, 1990, Mr. Sullivan was admitted into the Montgomery County, Pennsylvania, Accelerated Rehabilitative Disposition Program, pursuant to Pa.R.Crim.P. 175 et seq., for driving while under the influence, by the Honorable Joseph A. Smyth of the Court of Common Pleas of Montgomery County, Pa. In Judge Smyth's order admitting Mr. Sullivan to the ARD program, he imposed the usual conditions, including, inter alia, a suspension of Mr. Sullivan's operating privilege for a period of three months, presumably pursuant to 75 Pa.C.S. §3731(e)(6)(ii). On January 19, 1990, Judge Smyth entered a revised order, revoking the earlier imposed three-month suspension.

Paragraphs 3 and 4 of Judge Smyth's revised order set forth the following:

"(3) Whereas the defendant's driver's license was confiscated by the Upper Merion Township Police Department on July 11, 1989, in conjunction with the arrest that ultimately resulted in placement of the defendant in the ARD program, as aforesaid; and whereas the defendant has been deprived of his license from that date to the present; and whereas the defendant has not driven a motor vehicle during that time period, therefore, paragraph 2 of the order of January 9, 1990, requiring a suspension of the defendant's license for a period of three months, is found and determined by this court to have been fully satisfied. The defendant shall receive no fur-

---

* We note that DOT's statement of matters complained of on appeal, filed pursuant to Pa.R.A.P. 1925(b), erroneously sets forth *two* Chester County docket numbers: 89-07676 and 90-01464. Only the matter appearing at 90-01464 is the subject of the within appeal.

ther suspension of his driving privileges as a result of paragraph 2 of the order of January 9, 1990."

"(4) The Clerk of Courts Office is directed to transmit a copy of this revised order to the Bureau of Driver Licensing of the Pennsylvania Department of Transportation.

"By the court:

"/s/ Joseph A. Smyth, *J.* "

Notwithstanding Judge Smyth's revised order, on *February 1, 1990,* DOT notified Mr. Sullivan that "as a result of the order from the court of Montgomery County" Mr. Sullivan's operating privilege was being suspended for a three-month period, *effective January 9, 1990.* It is obvious to us that in its notice of suspension, DOT inferentially referred to Judge Smyth's original ARD order of January 9, 1990, and ignored Judge Smyth's revised order of January 19, 1990.

DOT obviously refused to abide by Judge Smyth's revised order in light of *Cessna v. Commonwealth of Pennsylvania, Department of Transportation,* 130 Pa. Commw. 163, 567 A.2d 760 (1989). *Cessna* holds quite clearly, as do the several decisions cited in *Cessna,* that a trial court lacks authority to grant a licensee "credit" against a suspension of the licensee's operating privilege. Rather, the licensee must seek administrative relief from DOT. *Id.* at 166-7, 567 A.2d at 761-2.

We note initially that Judge Smyth did not give Mr. Sullivan credit against a suspension imposed by DOT but rather, he gave credit against the three-month suspension Judge Smyth *himself* imposed on January 9, 1990. One may argue that Judge Smyth was required to impose a suspension of at least one month, pursuant to 75 Pa.C.S. §3731(e)(6)(ii), and had DOT then suspended Mr. Sullivan's license for

the one-month period, under *Cessna,* Judge Smyth could not have *then* credited Mr. Sullivan for "time served." We are, unfortunately, unaware of any appellate authority that considered a fact pattern similar to that presented here. In this case, as is seen, Judge Smyth modified an order he earlier entered within 10 days of the entry of his original order imposing the three-month suspension. Although Judge Smyth, in the view of DOT, may have acted without authority when he revised or amended his original order, we do not understand how DOT could simply ignore the revised order as it did here.

Of similar significance, by asking us to affirm the Secretary's three-month suspension, DOT was in effect asking that we overrule or set aside Judge Smyth's revised order. We did not believe that we had such authority.