594 A.2d 791

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Mark E. SULLIVAN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 1991.

Decided May 9, 1991.

Designated as Opinion to be Reported July 17, 1991.

Timothy P. Wile, Asst. Counsel-in-Charge, Lansdale, for appellant.

William J. Scott, Paoli, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Chester County (Chester trial court) sustaining the appeal of Mark E. Sullivan (Sullivan) and vacating DOT's notice of license suspension. We reverse.

Sullivan was arrested for operating a motor vehicle under the influence of alcohol (DUI), on July 11, 1989, a violation of Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731. On January 9, 1990, Sullivan accepted Accelerated Rehabilitative Disposition (ARD) for the DUI charge, at which time the Court of Common Pleas of Montgomery County (Montgomery trial court) imposed a three-month suspension of Sullivan's operating privilege, said suspension to be effective January 9, 1990. On January 19, 1990, the Montgomery trial court revised its January 9, 1990, ARD order by granting Sullivan credit against the three-month suspension imposed as a condition of ARD for the period from July 11, 1989, to January 19, 1990, based upon the fact that the Upper Merion Police had confiscated Sullivan's driver's license at the time of his DUI arrest.

By an official notice dated and mailed February 1, 1990, DOT notified Sullivan that his operating privilege was being suspended for three months commencing on January 9, 1990, as a result of the ARD order. Sullivan appealed this notice to the Chester trial court.

At the de novo hearing before the Chester trial court, DOT submitted into evidence a packet of certified documents which constituted Sullivan's driving record as contained in DOT's files. The Chester trial court sustained Sullivan's appeal and vacated DOT's notice of suspension, based upon the Montgomery trial court's revision of the January 9, 1990, ARD order imposing the three-month suspension. This appeal followed.

On appeal to this court, the sole issue is whether the Montgomery trial court in the criminal proceeding had the authority to revise an ARD order so as to grant credit against the mandatory suspension under 75 Pa.C.S. § 3731(e)(6)(ii).

■ Our scope of review is limited to a determination of whether findings of fact are supported by competent evidence, whether an error of law has been committed and whether the Chester trial court's decision demonstrates a

manifest abuse of discretion. *Lewis v. Commonwealth,* 114 Pa.Commonwealth Ct. 326, 538 A.2d 655 (1988).

Sections 1540 and 1541 of the Vehicle Code, 75 Pa.C.S. §§ 1540–1541, which set forth the conditions for calculating the starting date for a period of suspension, are controlling in this case. The relevant portions of these sections read as follows:

### § 1540. Surrender of license

(a) Conviction of offense.—Upon a conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension in accordance with section 1532 (relating to revocation or suspension of operating privilege), the court or the district attorney shall require the surrender of any driver's license then held by the defendant and shall forward the driver's license together with a record of the conviction to the department. The suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, whichever shall first occur.

(b) Suspension or revocation of operating privilege.— Upon the suspension or revocation of the operating privilege of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of suspension or revocation. The suspension or revocation shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first. Upon surrender of the license, the department shall issue a receipt showing the date that it received the license.

(c) Seizure of revoked and suspended licenses.—The department may delegate authority to any authorized department employee, member of the Pennsylvania State Police or local police officer to seize the driver's license of any person *when the operating privilege of that person*

*has been revoked or suspended and his driver's license has been ordered to be surrendered by a court or district attorney or by the department.* The department shall, by regulation, prescribe the manner of selecting the employees and State and local police officers to seize the drivers' licenses. (Emphasis added.)

**§ 1541. Period of revocation or suspension of operating privilege.**

(a) Commencement of period.—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to surrender of license). *No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be.* A nonresident licensed driver or an unlicensed driver shall submit an acknowledgment of suspension or revocation to the department in lieu of a driver's license. The department may, upon the request of the person whose license is suspended, delay the commencement of the period of suspension for a period not exceeding six months whenever the department determines that failure to grant the extension will result in hardship to the person whose license has been suspended. (Emphasis added.)

(b) Eligibility for restoration of operating privilege.—Any person whose operating privilege has been revoked or suspended shall not be eligible for the restoration of the operating privilege until the expiration of the period of revocation or suspension.

These sections make clear that license suspension of an individual's operating privileges is the sole prerogative of DOT, and outline when credit towards a suspension can be earned.

 This court has interpreted these sections to provide that all questions of credit towards a suspension are exclusively within the province of DOT. *See Department of Transportation, Bureau of Driver Licensing v. Cardell,* 130 Pa.Commonwealth Ct. 516, 568 A.2d 999 (1990); *De-*

*partment of Transportation, Bureau of Driver Licensing v. Palmer,* 122 Pa.Commonwealth Ct. 379, 552 A.2d 321 (1988); *Department of Transportation, Bureau of Driver Licensing v. Yarbinitz,* 97 Pa.Commonwealth Ct. 169, 508 A.2d 641 (1986).

The Chester trial court distinguished the present appeal from the above-cited cases on the basis that the Montgomery trial court in a criminal case had granted the credit, and that the case law cited above concerned trial courts in civil cases granting credit.

The fact that the Montgomery trial court, in a criminal proceeding, rather than in a civil license suspension proceeding, granted the credit is, as argued by DOT, a distinction without a difference. A trial court has the authority to set the length of the suspension under Section 3731(e)(6)(ii) of the Vehicle Code, 75 Pa.C.S. § 3731(e)(6)(ii). It has no authority to implement or enforce the suspension. This is the function of DOT. If we permit a trial court in a criminal case to grant credit on a license suspension, but deny a trial court in a civil case the right to grant such a credit, we would be undermining DOT's authority to uniformly administer the law relating to license suspensions.

Accordingly, the order sustaining Sullivan's appeal is reversed, and the suspension of his driving privilege is reinstated.

### ORDER

AND NOW, May 9, 1991, the order of the Court of Common Pleas of Chester County in the above-captioned matter is reversed, and the suspension of Mark E. Sullivan's driving privilege is reinstated.