J. S69019/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JARED ANTHONY JACKSON, | : | No. 1456 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 14, 2015,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0002847-2014

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 22, 2016**

Jared Anthony Jackson appeals from the judgment of sentence issued by the Court of Common Pleas of Montgomery County on April 14, 2015, after his conviction of driving under the influence; driving under the influence--highest rate of alcohol; driving under the influence of a controlled substance; and driving while operating privilege is suspended.[1]

On November 10, 2013, appellant was involved in a one-car accident.[2] Chemical testing revealed that appellant had a blood-alcohol content of .168% and also had cocaine present in his system. Bail was set and posted.

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 3802(d)(1)(ii), 3802(d)(3), and 1543(a) respectively.

[2] Evidently, appellant crashed into an electric utility pole, which caused a local power outage, and he had to be transported from the scene by a medical helicopter.

J. S69019/15

On January 7, 2015, a bench trial was held. It was stipulated that appellant's driver's license was already under suspension at the time of the accident. Appellant was found guilty of four counts of driving under the influence and one count of driving without a license. After rendering its guilty verdict, the trial court modified appellant's bail order to include the following: "No driving pending sentence." (Order, 1/7/15 at 1). On April 14, 2015, appellant was sentenced to serve five days to six months of incarceration and to pay restitution of $23,632.36. This appeal followed.[3]

Appellant raises two issues:

> [1.] DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT EXTENDED THE STATUTORILY MANDATED ONE-YEAR DRIVING PRIVILEGE SUSPENSION BY AN ADDITIONAL NINTEY [SIC] SEVEN[ ]DAYS, VIA A BAIL ORDER NOT TO DRIVE ISSUED DURING THE PERIOD IN BETWEEN THE DEFENDANT'S SENTENCING AND CONVICTION?

> [2.] DID THE TRIAL COURT ERR IN FAILING TO MODIFY THE APPELLANT'S BAIL ON THE RECORD IN OPEN COURT[ ]THEREBY DEPRIVEING [SIC] THE APPELLANT OF NOTICE AND, BY PROXY, HIS ENTITLED OPPORTUNITY FOR PROPER DUE PROCESS?

Appellant's brief at 6.

---

[3] We are unable to discern from the record the dates of appellant's original, underlying license suspension. However, it appears that appellant concedes that his license was already suspended at the time of the modification. (*See* appellant's brief at 16.)

At the outset, we note that appellant does not raise any issues relating to his underlying conviction or sentencing. Rather, appellant argues that the trial court erroneously extended the mandatory one-year[4] driving suspension by an additional 97 days when it modified the bail order to include: "no driving pending sentencing." He asserts that the trial court "chose not to stipulate that the bail order be credited towards the mandatory one-year suspension sentence." (Appellant's brief at 11, 13.) He contends that this constituted a manifest abuse of discretion on the part of the trial court. We disagree.

First, whether appellant was entitled to "credit" against his mandatory license suspension was not for the trial court, in the first instance, to determine. The mandatory suspension of a driver's license upon conviction for DUI is a collateral civil penalty administratively imposed by the Pennsylvania Department of Transportation ("PennDOT") pursuant to the mandates of the Motor Vehicle Code not the Crimes Code. ***Commonwealth v. Wolf***, 632 A.2d 864, 867 (Pa. 1993). All questions of credit towards a suspension are exclusively within the province of PennDOT. ***See*** 75 Pa.C.S.A. §§ 1540, 1541; ***Department of Transportation, Bureau of Driver Licensing v. Sullivan***, 594 A.2d 791 (Pa.Cmwlth. 1991) (trial court had no authority to grant defendant credit for the time period between his

---

[4] Pursuant to 75 Pa.C.S.A. § 1543, appellant faced a mandatory one-year suspension for driving while his license was suspended.

arrest and conviction for driving under the influence). If appellant believed he was entitled to 97 days of credit against his license suspension for the time he was unable to drive pursuant to the terms of his bail while awaiting sentencing, his recourse was to avail himself of the administrative procedures which PennDOT provides. ***Department of Transportation, Bureau of Driver Licensing v. Cardell***, 568 A.2d 999 (Pa.Cmwlth. 1990).

Moreover, the trial court was well within its authority to permit appellant to remain out of jail, free on bail, after his conviction pending sentencing with the condition that he did not drive. The trial court has discretion to impose conditions of bail after a conviction. Pa.R.Crim.P. Rule 521(D)(2) provides:

> The decision whether to change the type of release on bail or what conditions of release to impose shall be based on the judge's evaluation of the information about the defendant as it relates to the release criteria set forth in Rule 523. The judge shall also consider whether there is an increased likelihood of the defendant's fleeing the jurisdiction or whether the defendant is a danger to any other person or to the community or to himself or herself.

The trial court explained its reasons for imposing the no driving condition of bail:

> This Court's order prohibiting Appellant from driving was issued out of concern for public safety. Appellant caused a motor vehicle accident which required the response of four independent agencies [East Norriton Police Department, Norriton Fire Department, Emergency Medical Services, and Philadelphia Electric Company]. In the accident, Appellant sustained injuries of such severity that he

> was airlifted to University of Pennsylvania Hospital. The accident also resulted in property damage totaling $23,632.36. Finally, this accident occurred while Appellant's license was already suspended. Therefore, this Court sought to restrict Appellant's role in creating public danger by ordering him not to drive prior to sentencing.

Trial court order, 6/17/15 at 3 (footnote omitted).

A condition that appellant not operate a motor vehicle while free on bail pending appeal had the purpose of protecting the public safety and was appropriate. Pa.R.Crim.P. Rule 521(D)(2); *see also Ex parte Anderer*, 61 S.W.3d 398 (Tex.Crim.App. 2001) (after conviction for criminally negligent homicide, bail condition that defendant not operate any type of motor vehicle was valid, even though such operation essential to his business, as "purpose of protecting the public safety"). Ordering appellant not to drive as a condition of his release on bail was part of the criminal proceedings and entirely separate from the civil/administrative license suspension penalty.

Lastly, appellant argues that the trial court's failure to place the bail modification "in open court on the record when all parties [were] present" violated Pa.R.Crim.P. 521(D)(1). Appellant fails to explain how he was prejudiced by this error. By all accounts, appellant's license was already suspended at the time the trial court entered its bail modification order. He was not authorized to drive pending sentencing notwithstanding the trial court's bail modification order.

Judgment of sentence affirmed.

J. S69019/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016