IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,      :
Department of Transportation,       :
Bureau of Driver Licensing,         :
                  Appellant          :
                                     :
              v.                     :
                                     :
                                     :   No. 243 C.D. 2021
Royce Foltz, II                     :   Submitted: February 4, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COVEY                          FILED:  August 8, 2022


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the York County Common Pleas Court's (trial court) February 17, 2021 order denying Royce Foltz, II's (Licensee) appeal from his license suspension, reinstating his 12-month license suspension, and directing DOT to apply 60 days of credit to the suspension.[1]  DOT presents two issues for this Court's review: (1) whether the trial court abused its discretion and erred as a matter of law by crediting Licensee 60 days toward his suspension because the trial court lacked authority to grant administrative credit; and (2) whether the trial court erred as a matter of law by holding that Licensee was denied his due process right to fundamental fairness when DOT imposed a 12-month suspension for his Driving Under the Influence (DUI) conviction after Licensee had served a 60-day license suspension as part of his Accelerated Rehabilitative Disposition

---

[1] Herein, DOT only appeals from the portion of the trial court's order directing DOT to apply 60 days of credit to Licensee's suspension.

(ARD) program, from which he was removed before completion thereof. After review, this Court reverses the trial court's order in part.

On February 12, 2017, Licensee was arrested for DUI. On June 26, 2018, Licensee was accepted into the ARD program. On July 10, 2018, DOT mailed Licensee an Official Notice of Suspension of Driving Privilege (Notice of Suspension) for 60 days, effective June 26, 2018, in accordance with Section 3807(d)(3) of the Vehicle Code, 75 Pa.C.S. § 3807(d)(3), as a condition of participation in the ARD program. Reproduced Record (R.R.) at 48a (July 10, 2018 Notice of Suspension).[2] Licensee's driving privilege was restored on August 25, 2018. Thereafter, Licensee was removed from the ARD program for failing to complete the required community service hours. *See* R.R. at 28a (Notes of Testimony, Jan. 27, 2021 at 8).

On January 30, 2020, Licensee was convicted under Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c) (DUI Highest Rate of Alcohol). On June 11, 2020, the York County Clerk of Courts submitted a certification of Licensee's DUI conviction to DOT. On June 19, 2020, DOT mailed Licensee a Notice of Suspension for one year, effective July 24, 2020, in accordance with Section 3804(e) of the Vehicle Code, 75 Pa.C.S. § 3804(e). *See* R.R. at 41a (June 19, 2020 Notice of Suspension).[3]

On July 17, 2020, Licensee appealed from the Notice of Suspension to the trial court. After several continuances, the trial court held a hearing on January 27, 2021. At the conclusion of the hearing, the trial court dismissed Licensee's

---

[2] The July 10, 2018 Notice of Suspension specified: "Your driving privilege is SUSPENDED for a period of 60 DAY(S), effective 06/26/2018 at 12:01 a.m. **as a result of your acceptance into the** YORK COUNTY . . . **ARD**[] **Program**." R.R. at 48a (emphasis added).

[3] The June 19, 2020 Notice of Suspension specified: "**As a result of your** 01/30/2020 **conviction** of violating Section 3802[(c)] of the Vehicle Code . . . [y]our driving privilege is SUSPENDED for a period of 1 YEAR(S) effective 07/24/2020 at 12:01 a.m." R.R. at 41a (emphasis added).

appeal, reinstated his 12-month license suspension, and directed that 60 days of credit be applied to Licensee's suspension. DOT orally moved for reconsideration of the trial court's order with respect to the 60-day credit. The trial court granted DOT's request for reconsideration and afforded the parties the opportunity to brief their respective positions. On February 17, 2021, the trial court again denied Licensee's appeal, reinstated his 12-month license suspension, and directed DOT to credit 60 days to Licensee's suspension. DOT appealed to this Court.[4] On March 9, 2021, the trial court ordered DOT to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). DOT timely filed its Rule 1925(b) Statement. On March 16, 2021, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).[5]

## Background

The General Assembly codified the ARD program in which first time DUI offenders who *choose* to follow specified conditions may avoid a DUI conviction. In order to participate in the ARD program, the licensee must apply to the Commonwealth's attorney. The Commonwealth's attorney has discretion to recommend an eligible licensee for ARD. If approved, the licensee appears before the common pleas court (Common Pleas Court), which decides whether to grant ARD and if so, retains jurisdiction until the licensee's completion of the ARD process, whether successful or unsuccessful. If a licensee fails to successfully

---

[4] "Our review is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

[5] In its Rule 1925(a) Opinion the trial court stated: "The [trial c]ourt has adequately addressed [DOT's] alleged error in its [o]rder and [o]pinion docketed February 17, 2021." *Id.*

complete ARD, the Common Pleas Court directs the Commonwealth's attorney to proceed on the DUI charges. ARD is codified in Section 3807 of the Vehicle Code, which provides in relevant part:

**Accelerated Rehabilitative Disposition**

**(a) Eligibility**.--

(1) . . . [A] [licensee] charged with a violation of [S]ection 3802 [of the Vehicle Code] (relating to [DUI] of alcohol or controlled substance) may be considered by the attorney for the Commonwealth for participation in an [ARD] program in a county if the program includes the minimum requirements contained in this section.

. . . .

**(b) Evaluation and treatment**.--

(1) A [licensee] offered [ARD] for a violation of [S]ection 3802 [of the Vehicle Code] is, as a condition of participation in the program, subject to the following requirements in addition to any other conditions of participation imposed by the [Common Pleas C]ourt:

  (i) The [licensee] must attend and successfully complete an alcohol highway safety school . . . .

  (ii) Prior to receiving [ARD] . . . , the [licensee] must be evaluated . . . to determine the extent of the [licensee's] involvement with alcohol or other drug and to assist the [Common Pleas C]ourt in determining what conditions of [ARD] would benefit the [licensee] and the public. . . .

  (iii) If the [licensee] is assessed under subparagraph (ii) to be in need of treatment, the [licensee] must participate and cooperate with a licensed alcohol or drug addiction treatment program. . . . A treatment program shall retain the right to immediately discharge into the custody of the probation officer an offender who fails to comply with program rules and treatment

4

expectations or refuses to constructively engage in the treatment process.

(iv) **The [licensee] must remain subject to [Common Pleas C]ourt supervision for at least six months, but not more than 12 months**.

. . . .

(2) The [licensee] shall be subject to a full assessment for alcohol and drug addiction if any of the following apply:

(i) The evaluation under paragraph (1)(ii) indicates a likelihood that the [licensee] is addicted to alcohol or other drugs.

(ii) The [licensee's] blood alcohol content at the time of the offense was at least 0.16%.

. . . .

(**c**) **Insurance**.--

. . . .

(**d**) **Mandatory suspension of operating privileges.--As a condition of participation in an [ARD] program, the [Common Pleas C]ourt shall order the [licensee's] license suspended** as follows:

(1) There shall be no license suspension if the [licensee's] blood alcohol concentration at the time of testing was less than 0.10%.

(2) For 30 days if the [licensee's] blood alcohol concentration at the time of testing was at least 0.10% but less than 0.16%.

(3) **For 60 days** if:

(i) **the [licensee's] blood alcohol concentration at the time of testing was 0.16%** or higher;

(ii) the [licensee's] blood alcohol concentration is not known;

(iii) an accident which resulted in bodily injury or in damage to a vehicle or other property occurred

5

in connection with the events surrounding the current offense; or

(iv) the [licensee] was charged pursuant to [S]ection 3802(d) [of the Vehicle Code (relating to controlled substances)].

(4) For 90 days if the [licensee] was a minor at the time of the offense.

**(e) Failure to comply.--**

(1) **A [licensee] who fails to complete any of the conditions of participation contained in this section shall be deemed to have unsuccessfully participated in an [ARD] program**, and the criminal record underlying participation in the program shall not be expunged.

(2) **The [Common Pleas C]ourt shall direct the attorney for the Commonwealth to proceed on the charges** as prescribed in the Rules of Criminal Procedure **if the** [**licensee**]:

(i) fails to meet any of the requirements of this section;

(ii) is charged with or commits an offense under [the Crimes Code, 18 Pa.C.S. §§ 101-9546]; or

(iii) **violates any other condition imposed by the [Common Pleas C]ourt**.

75 Pa.C.S. § 3807 (text emphasis added).

This Court has explained:

The principle upon which ARD operates is that if the participant behaves, upon successful completion of the program, that person is spared the punishment provided by law for those not accepted into the [ARD] program. **Once a participant violates the [ARD] program**, however, **that person returns to "square one"** for resentencing **and**, in this case, **is subject to the civil penalty DOT is required by law to impose**.

6

*Dep't of Transp., Bureau of Driver Licensing v. Gretz*, 538 A.2d 976, 978 (Pa. Cmwlth. 1988) (emphasis added).

Specifically, Section 3804(e) of the Vehicle Code mandates, in pertinent part:

> **Suspension of operating privileges upon conviction.--**
>
> (1) [*DOT*] *shall suspend* **the operating privilege of an individual** under paragraph (2) **upon receiving a certified record of the individual**'s **conviction** of or an adjudication of delinquency **for**:
>
>> (i) an offense under [S]ection 3802 [of the Vehicle Code]; []
>>
>> . . . .
>
> (2) Suspension under paragraph (1) shall be in accordance with the following:
>
>> (i) Except as provided for in subparagraph (iii), **12 months** for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

75 Pa.C.S. § 3804(e) (text emphasis added).

## Discussion

DOT first argues that the trial court abused its discretion and erred as a matter of law by crediting Licensee 60 days toward his 12-month license suspension because the trial court lacked authority to grant an administrative credit. DOT relies upon *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz*, 508 A.2d 641 (Pa. Cmwlth. 1986), to support its position.

The *Yarbinitz* Court held:

> [F]or purposes of a license suspension appeal, a trial court lacks the authority to compute and give credit for any time that DOT may have been in possession of [a licensee's]

7

license. The function of the trial court in an appeal from a license suspension is to determine the validity of the suspension. Once the identity of the party whose license is suspended is established and the grounds for the suspension are found to be proper, the trial court's inquiry is ended.[6] Even assuming [the licensee] was entitled to credit, this is *not* a basis for sustaining the appeal. If the person whose license is suspended committed the offense, and if the offense is a valid basis for suspension and no violation of due process has occurred, then the suspension must be upheld and the operator's appeal dismissed. The trial court can do no more. Therefore, a suspension cannot be invalidated if it was properly imposed, even if it has already been served.

. . . . If [a licensee] believes he is entitled to credit against the suspension for time DOT may have been in possession of his license, his recourse is to apply to DOT.

*Id*. at 642 (citation omitted); *see also Ladd v. Dep't of Transp., Bureau of Driver Licensing*, 753 A.2d 318, 321 n.6 (Pa. Cmwlth. 2000) ("[T]he courts of common pleas are without authority to give a licensee credit toward a license suspension.");[7] *Dep't of Transp., Bureau of Driver Licensing v. Sullivan*, 594 A.2d 791, 793 (Pa. Cmwlth. 1991) ("[A]ll questions of credit towards a suspension are exclusively within the province of DOT."); *Dep't of Transp., Bureau of Driver Licensing v. Cardell*, 568 A.2d 999 (Pa. Cmwlth. 1990) (same); *Dep't of Transp., Bureau of Driver Licensing v. Palmer*, 552 A.2d 321 (Pa. Cmwlth. 1988) (same).

---

[6] Here, "[t]here is no dispute that [Licensee] was the individual whose license was revoked and who committed the offense which resulted in the license suspension." *Dep't of Transp., Bureau of Driver Licensing v. Palmer*, 552 A.2d 321, 323 (Pa. Cmwlth. 1988).

[7] *Cf. Waite v. Dep't of Transp., Bureau of Driver Licensing*, 834 A.2d 1218 (Pa. Cmwlth. 2003) (Therein, this Court held that the common pleas court had subject matter jurisdiction because Waite challenged whether DOT acted in accordance with the law when it failed to treat each suspension period as beginning on the day he surrendered his license to the common pleas court. "The common pleas court accurately perceived that Waite **did not** request a recalculation of his suspensions." *Id*. at 1221 (emphasis added).).

For the foregoing reasons, this Court agrees with DOT that *Yarbinitz* controls.[8]  Accordingly, the trial court did not have the authority to grant Licensee an administrative credit.

Notwithstanding, assuming arguendo that the issue was properly before the trial court, the trial court would have erred by crediting Licensee's one-year license suspension with his 60-day ARD license suspension, as each license suspension is independent and distinct from the other.  The trial court imposed the 60-day license suspension as mandated by Section 3807(d) of the Vehicle Code as "a condition of [Licensee's] participation in an [ARD] program[.]" *Id.*; *see also* R.R. at 48a (July 10, 2018 Notice of Suspension).  Specifically, Section 3807(d) of the Vehicle Code requires: "As a condition of participation in an [ARD] program, ***the* [*Common Pleas C*]*ourt shall order* the [licensee's] license suspended** . . . [] [**f**]**or 60 days** if: [] the [licensee's] blood alcohol concentration at the time of testing was 0.16% or higher[.]" 75 Pa.C.S. § 3807(d) (emphasis added).

In the instant case, Licensee voluntarily applied to be considered for ARD.  Thus, he agreed to the 60-day license suspension **as a condition** of his admittance into the ARD program.  Accordingly, in order to proceed with the ARD program, which if Licensee successfully completed would result in **no DUI conviction** and expungement of his DUI arrest, Licensee agreed to the 60-day license suspension to avail himself of the aforementioned opportunity.  The ARD

---

[8] The Dissent maintains that applying *Yarbinitz* and the other cases to the instant case "*suggests* that DOT has discretion to increase the length of the suspension beyond the statutory limit . . . ." *Dep't of Transp., Bureau of Driver Licensing v. Foltz*, ___ A.3d ___, ___ (Pa. Cmwlth. No. 243 C.D. 2021, filed Aug. 8, 2022) (Leadbetter, J., dissenting) (emphasis added), slip op. at 1. The Majority rejects the Dissent's suggestion that applying *Yarbinitz* and its progeny to the instant case somehow changes this Court's holdings therein or in any manner gives DOT discretion to increase the length of a license suspension beyond the statutory limit.

program is separate and apart from any license suspension imposed **as a result of a DUI conviction**.[9]

Licensee's one-year license suspension was imposed as mandated by Section 3804(e)(2)(i) of the Vehicle Code, as a penalty for *Licensee's DUI conviction*. *See id.*; *see also* R.R. at 41a (June 19, 2020 Notice of Suspension). Section 3804(e) of the Vehicle Code mandates: "[*DOT*] *shall suspend* **the operating privilege of an individual** . . . **upon receiving a certified record of the individual's conviction** . . . **for**: . . . **12 months** for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa.C.S. § 3804(e) (emphasis added). The General Assembly clearly communicated to the trial court in Section 3807 of the Vehicle Code the length of the license suspension as a condition to participate in the ARD program. Similarly, the General Assembly expressly directed DOT in Section 3804 of the Vehicle Code under what circumstances the license suspension shall be imposed upon a DUI conviction and the length thereof.

The General Assembly's directives are unequivocal as to what act must be taken when ARD is granted and when there is a DUI conviction. The Vehicle Code does not in *any* manner grant either the trial court or DOT any discretion for imposition of the license suspension. Nor does the Vehicle Code contain any

_____

[9] The Dissent disagrees that a license suspension based on an ARD is separate and distinct from a license suspension based on a conviction and posits: "Does the [M]ajority mean to hold that if, after a licensee is convicted of DUI and serves his year suspension, he wins a new trial on appeal, his conviction on retrial triggers another year of suspension? If so, I disagree." *Foltz*, slip op. at 3. The answer is undeniably no. Plainly, a conviction is not separate and distinct from a conviction. Thus, a license suspension based on a conviction for a specified offense, whether that conviction is vacated and reinstated, is still based on a conviction for the specified offense, thereby not triggering another year of suspension. However, "[o]nce a participant violates the [ARD] program, . . . that person returns to 'square one,'" and is subject to the civil penalty DOT is required by law to impose. *Gretz*, 538 A.2d at 978.

10

language that gives any court or DOT authority to provide a license suspension different than the plain language of the statute. "It is not within this Court's power to alter this scheme and the impact of any [alleged alternative] is more properly addressed directly to the legislature." *Spectrum Arena LP v. Commonwealth*, 983 A.2d 641, 651 (Pa. 2009). The law is well established that "where the language of a statute is clear and unambiguous, a court may not add matters the legislature saw fit not to include under the guise of construction." *Mohamed v. Dep't of Transp., Bureau of Motor Vehicles*, 40 A.3d 1186, 1194-95 (Pa. 2012).

Thus, the Vehicle Code, in two different sections, explicitly sets forth the required license suspension for an ARD and the required license suspension for a DUI conviction, and expressly directs the mandatory license suspension the trial court shall impose as an ARD condition, and the mandatory license suspension DOT shall impose for a DUI conviction. Further, the trial court, DOT and this Court must adhere to and implement the Vehicle Code's clear language. Accordingly, there is no basis in the Vehicle Code to credit the mandatory license suspension imposed as part of the voluntary ARD program against the mandatory license suspension imposed as a consequence of a DUI conviction.

### Conclusion

For all of the above reasons, the portion of the trial court's order denying Licensee's appeal from his license suspension and reinstating his one-year

11

license suspension is affirmed.  The portion of the trial court's order directing DOT to apply 60 days of credit to Licensee's suspension is reversed.


_____
ANNE E. COVEY, Judge

Judge Wallace did not participate in the decision in this matter.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
              Appellant :
 :
        v. :
 :
   :  No. 243 C.D. 2021
Royce Foltz, II :

## O R D E R

AND NOW, this 8th day of August, 2022, the portion of the York County Common Pleas Court's (trial court) February 17, 2021 order denying Royce Foltz, II's (Licensee) appeal from his license suspension and reinstating his 12-month license suspension is AFFIRMED. The portion of the trial court's order directing the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, to apply 60 days of credit to Licensee's suspension is REVERSED.

 

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
       Appellant :
  :
    v. : No. 243 C.D. 2021
  : SUBMITTED: February 4, 2022
Royce Foltz, II :

BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## DISSENTING OPINION BY
## SENIOR JUDGE LEADBETTER     FILED: August 8, 2022

I must respectfully dissent. I agree with the *Yarbinitz*[1] case, relied upon by the majority, to the extent that it holds that a licensee's service of the full period of his suspension before his appeal is heard does not give the trial court a valid basis to sustain the appeal. Nonetheless, I believe *Yarbinitz* and the other cases cited by the majority should be overruled to the extent they hold that the court cannot order the Department of Transportation (DOT) to credit time already served to the period of suspension remaining. To apply those holdings in this case suggests that DOT has discretion to increase the length of the suspension beyond the statutory limit and the courts lack authority to order otherwise. I disagree, and therefore disagree with our leaving that suggestion in place.

It is beyond doubt that DOT lacks the power to require service of a suspension in excess of the statutory limit, which it certainly appears that DOT

---

[1] *Dep't of Transp., Bureau of Traffic Safety v. Yarbinitz*, 508 A.2d 641 (Pa. Cmwlth. 1986).

intends to do here.  The majority endorses the principle that "all questions of credit towards a suspension are exclusively within the province of DOT."  (Majority Op., slip op. at p. 8) [quoting *Dep't of Transp., Bureau of Driver Licensing v. Sullivan*, 594 A.2d 791, 793 (Pa. Cmwlth. 1991)].  Nonetheless, exercise of this discretion is not unbridled.  The removal of the licensee from the Accelerated Rehabilitative Disposition (ARD) program and his consequent retrial muddies the water here, but suppose in the first instance after a driving under the influence (DUI) conviction DOT were to impose a suspension double, or otherwise in excess, of the statutory limit.  On appeal, could the trial court not sustain the appeal in part and reverse in part, affirming the suspension but limiting the suspension to the statutory length?  To hold that the court in that circumstance would be required to affirm the entire suspension exactly as DOT ordered or sustain the appeal and vacate the suspension entirely would seem absurd, and yet I fail to see how the unusual procedural posture here makes any difference to the issue of the court's authority.  I do not suggest that the trial court has any discretion, only that it should have the power to confine DOT to its lawful authority.[2]

I disagree that the licensee's voluntary acceptance of ARD somehow waived his right to object to duplicative civil sanctions as the result of a single DUI offense. I also disagree with the majority's apparent theory that suspension is the collateral consequence of an adjudicatory *procedure* itself[3] rather than a collateral

---

[2] Repeatedly, this Court has held that the only issues in a civil license suspension appeal are whether the motorist was in fact convicted and whether DOT acted in accordance with applicable law. *Orndoff v. Dep't of Transp., Bureau of Driver Licensing*, 654 A.2d 1 (Pa. Cmwlth. 1994).  It seems to me that imposing a suspension greater than the statutory limit falls within the ambit of DOT acting contrary to applicable law, which is within the trial court's power to review.

[3] "[T]he trial court would have erred by crediting Licensee's one-year license suspension with his 60-day ARD license suspension, as each license suspension is independent and distinct from the other." (Majority Op., slip op. at p. 9.)

consequence of the *offense,* such that multiple trials resulting from the same DUI offense will trigger multiple suspensions. On the contrary, I believe that the intent of the Vehicle Code[4] is simply to provide different lengths of suspension based on the seriousness of the offense or culpability of the offender, as measured by the procedure. In other words, while the nature of the procedure is significant, its occurrence has no independent effect. Because the second procedure in this case was a trial and conviction, Licensee's suspension legally is extended from sixty days to one year, but not to a year and sixty days. Does the majority mean to hold that if, after a licensee is convicted of DUI and serves his one-year suspension, he wins a new trial on appeal, his conviction on retrial triggers another year of suspension? If so, I disagree. If not, how is the situation at bar any different?

For the reasons stated above, I would hold that the trial court has jurisdiction over the legality of both the fact of suspension and its length, and I would affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[4] 75 Pa.C.S. §§ 101-9805.